[L.A. No. 31389. Dec. 7, 1981.]

GEORGE L. KATZ, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD, Respondent.

COUNSEL

Allan F. Grossman for Petitioner.

Michael D. Hiller, Ian Herzog, G. Dana Hobert, James R. Ross and Leonard Sacks as Amici Curiae on behalf of Petitioner.

Richard W. Younkin, William B. Donohoe, Dexter W. Young, Allan Yannow and Valerie L. Westen for Respondent.

OPINION

BIRD, C. J.—This case concerns the propriety of a Workers' Compensation Appeals Board (Board) order suspending petitioner, George L. Katz, from the practice of law before the Board. The primary issue is

the same as that discussed in *Hustedt v. Workers' Comp. Appeals Bd.,* *ante*, pages 329, 336-346 [178 Cal.Rptr. 801, 636 P.2d 1139]. Does the separation of powers doctrine preclude the Legislature from granting the Board the power to discipline an attorney by temporarily or permanently prohibiting him or her from practicing before the Board?

## I.

Petitioner, George L. Katz, was admitted to the practice of law in this state in 1957. Pursuant to the Pilot Program in Legal Specialization, he has been certified a specialist in workers' compensation law by the California Board of Legal Specialization. (See Rules & Regs. of Cal. Bd. Legal Spec., § 1 et seq. [Deering's Cal. Rules of Court p. 433; West's Cal. Rules of Court (1981 supp.) p. 31].) In recent years, approximately 80 percent of his law practice has been devoted to workers' compensation cases.

In the fall of 1975, the Board instituted a disciplinary proceeding against Katz, alleging that he had failed properly to notify the Board of his receipt of an advance fee of $200 from one of his clients (hereafter, the Weidner proceeding). At the hearing, the following facts were elicited. Katz was the fifth attorney to undertake representation of Weidner in connection with a claim for compensation which she had filed with the Board. Shortly after her case was heard, Weidner dismissed Katz by filing a notice of his dismissal with the Board. In a letter filed with the notice, Weidner informed the Board of the advance fee she had paid Katz. Katz, who received a copy of the notice of dismissal but not of the letter, thereafter filed with the Board a lien for attorneys fees. In an accompanying letter, Katz informed the Board, for the first time, that he had received advance attorneys fees from Weidner in the amount of $200. The Board eventually approved attorneys fees in the amount of $400 for Katz.

The record suggests that at the time of these events, the Board had never specified a time by which an attorney was to report the receipt of an advance fee.[1] Nevertheless, the Board found that Katz had failed "to use scrupulous care" in disclosing the advance fee because he inadvertently failed to notify the Board of the fee at an earlier date, as was his customary practice.

---

[1]After the events at issue in the Weidner proceeding, the Board adopted a rule which precludes an attorney from accepting an advance fee without first obtaining the Board's approval. (See Cal. Admin. Code, tit. 8, § 10776.)

The Board also noted that (1) Katz had previously been admonished to cooperate with the Board in divulging fee arrangements; in a prior proceeding the Board had a belief, but insufficient evidence to establish, that he had failed to reveal a fee arrangement (see *Koker* v. *Elk Brass Manufacturing Co.* (1971) 36 Cal.Comp.Cases 292); (2) Katz had deposited the Weidner fee in his general firm account rather than in a client trust account;[2] and (3) Katz did not keep a centralized record of the advance fees he received, but only noted their receipt in the client's file.

Concluding that these findings constituted "good cause" for disciplining Katz (see Lab. Code, § 4907), the Board ordered him suspended from the practice of law before the Board or any of its referees for a period of one year. Execution of the suspension was stayed on the condition that he serve an actual suspension of 45 days and strictly comply with the Board's rules.

It appears that the Board ordinarily requires a suspended attorney to "substitute out" of all of the compensation cases in which he is attorney of record and to refuse to take any new cases or to see any compensation clients during the period of his suspension. As an "accommodation" to Katz, the Board agreed to allow him to "substitute in" another attorney to handle his compensation practice during the period of his suspension. This was to be on condition that he file a sworn affidavit with the Board promising to remove himself completely from the practice of workers' compensation law and to neither see nor communicate with any clients. Katz filed the required affidavit and arranged for another attorney, Pauline Nightingale, to handle his compensation practice.

On September 24, 1976, six days before his suspension was to end, Katz prepared a draft of a petition for reconsideration in a compensation proceeding pending before the Board. In 1978, when the Board learned that Katz had drafted this petition, it instituted a second disciplinary proceeding against him. Separate disciplinary charges were filed against Nightingale as well.

---

[2]Whether the Rules of Professional Conduct require an attorney to deposit advance fees from clients in a trust account is an unanswered question in California. (See Rules Prof. Conduct, rule 8-101; *Baranowski* v. *State Bar* (1979) 24 Cal.3d 153, 163-164 [154 Cal.Rptr. 752, 592 P.2d 613].)

At the hearing in the Katz case, both Katz and Nightingale testified that Katz had drafted the petition. Nightingale had reviewed it and with one minor change had signed and verified and filed the petition with the Board. On December 27, 1979, the Board found Katz in violation of the terms of his suspension. The Board ordered him suspended from the practice of law before the Board and its referees for approximately 18 months.[3]

■  Thereafter, Katz filed this petition for a writ of certiorari to review the Board's decision. He contends, inter alia, that Labor Code section 4907 is unconstitutional because the Legislature does not have the authority to confer the power to discipline attorneys upon the Board.

## II.

For the reasons set forth in *Hustedt* v. *Workers' Comp. Appeals Bd., supra, ante*, at pages 335-346, this court has determined that the power to discipline attorneys is an inherent judicial power which the Legislature is forbidden by the California Constitution from conferring upon the Board. Since the Board lacks any authority to discipline attorneys, its order suspending Katz for 18 months is a nullity.

Tobriner, J., Mosk, J., Richardson, J., Broussard, J., and White, J.,* concurred.

**NEWMAN, J.**—I do not concur.

---

[3]In a separate proceeding, the Board also found that Nightingale should be disciplined. The Board ordered her removed from practice before it for 30 days. This order was suspended on the condition that she pay a fine of $250.

*Assigned by the Chairperson of the Judicial Council.