[No. B064779. Second Dist., Div. One. Feb. 5, 1993.]

CHARLES B. JOHNSON, Plaintiff and Appellant, v.
THE STATE BAR OF CALIFORNIA, Defendant and Respondent.

**COUNSEL**

Charles B. Johnson, in pro. per., for Plaintiff and Appellant.

Diane C. Yu, Marie M. Moffat, Patricia D. Scotlan and Robert M. Sweet for Defendant and Respondent.

**OPINION**

**DUNN, J.***—

### STATEMENT OF THE CASE

Hardistene Howard filed a petition with the State Bar of California seeking reimbursement of the sum of $1,000 from the Client Security Fund[1] as the sum he paid to Attorney Charles B. Johnson for the purpose of hiring him to process a claim for attorney malpractice. He sought reimbursement on the basis that Mr. Johnson had neither pursued the claim nor refunded

---

*Judge of the Municipal Court for the Long Beach Judicial District sitting under assignment by the Chairperson of Judicial Council.

[1]The Client Security Fund was created by the state Legislature in 1971 with the enactment of Business and Professions Code section 6140.5 for the purpose of relieving or mitigating "pecuniary losses caused by the dishonest conduct of the active members of the State Bar."

the money. The Client Security Fund Commission instituted its investigation and subsequently issued a tentative decision proposing reimbursement to Mr. Howard of the sum of $901 as the unearned balance on the $1,000 payment made to Mr. Johnson. Mr. Johnson filed his objections to the tentative decision. Thus, on June 6, 1991, the Client Security Fund Commission conducted its hearing at which both Mr. Howard and Mr. Johnson testified. On June 6, 1991, the commission issued its final decision, making findings of fact and concluding that the failure of Mr. Johnson to return $901 to Mr. Howard after payment of only one expense of $99 constituted dishonest conduct within the meaning of rule 6(a) of the Client Security Fund Rules of Procedure of the State Bar.[2] The commission directed the reimbursement of $901 to Mr. Howard.

Mr. Johnson petitioned for a writ of mandate in the superior court, which petition was denied after a hearing. The court issued its statement of decision, which provided that: the proper standard of review of the commission's decision was the substantial evidence test and not the independent judgment test; the decision of the commission was proper and is proper under either standard; Mr. Johnson had disbursed only the sum of $99 as the filing fee in a malpractice case; and Mr. Johnson was not entitled to retain the balance for any services he allegedly had rendered in a workers' compensation case for the reason that he had no prior approval from a workers' compensation judge for such a fee. The court rendered its judgment denying the petition for a writ of mandamus, and that judgment was entered January 10, 1992. Mr. Johnson's appeal is from the denial of that petition.

### FACTS

Charles Johnson is a former attorney who resigned voluntarily from the State Bar on March 20, 1990, with disciplinary charges pending. In September 1985, Mr. Howard hired Mr. Johnson to represent him in a claim for malpractice against his former attorneys, who, he felt, had negligently failed to assert the issue of discrimination in his workers' compensation case. One thousand dollars was paid by Mr. Howard to Mr. Johnson, but no written

---

[2]Rule 6 of the Rules of Procedure of the State Bar provides:

"As used in these rules, 'dishonest act' or 'dishonest conduct' means any of the following:

"(a) Wrongful acts committed by a lawyer in the nature of theft or embezzlement of money or the wrongful taking or conversion of money, property or other things of value;

"(b) Refusal to refund unearned fees received in advance where the lawyer performed no services or such an insignificant portion of the service that the refusal to refund the unearned fees constitutes a wrongful taking or conversion of money;

"(c) The borrowing of money from a client without intention or reasonable ability or reasonably anticipated ability to repay it; or

"(d) A lawyer's act of intentional dishonesty or deceit which proximately leads to the loss of money or property."

retainer agreement was signed. On August 20, 1986, Mr. Johnson filed a complaint for legal malpractice in the Los Angeles Superior Court. He filed no further documents and made no appearances, as a result of which the action was dismissed by the court sua sponte on January 4, 1989, for lack of prosecution.

Mr. Johnson's position is that he earned the $1,000 payment as a fee for consultation. He claims that he did not proceed with Mr. Howard's malpractice action inasmuch as he concluded that it was meritless. Nonetheless, he claims, he continued over a three-year span of time to advise Mr. Howard with regard to his workers' compensation case.

## DISCUSSION

Mr. Johnson first argues that rule 6(a) of the Rules of Procedure of the State Bar is unconstitutional because it deprives him of due process in that the phrase "in the nature of theft," used to describe wrongful acts that constitute dishonest conduct, is ambiguous and open to subjective and arbitrary interpretation. We find this contention unpersuasive for the reason that the rule also describes as dishonest conduct "the wrongful taking or conversion of money." We need not, in this case, concern ourselves with the problem of ambiguity resulting in deprivation of due process, because Mr. Johnson's acts clearly fall within the concept of "the wrongful taking" of Mr. Howard's money. It is undisputed that the $1,000 payment from Mr. Howard to Mr. Johnson was for his services regarding an alleged malpractice by Mr. Howard's previous attorneys. It is uncontroverted that only $99 was utilized in that cause. No work was done in the case because, as Mr. Johnson said: "It would have been stupid to proceed with it. I couldn't prove . . . the underlying case . . . ." Mr. Johnson's explanation that he earned the fee by advising Mr. Howard on his workers' compensation case, which he did not in any way process, is not a valid basis, even if true, upon which to charge such a fee. California Labor Code section 4906, subdivisions (b) and (c),[3] which were in effect, prohibit an attorney's request or acceptance of a fee without prior approval of the Workers' Compensation Appeals Board. (See also *Katz v. Workers' Comp. Appeals Bd.* (1981) 30 Cal.3d 353, 355, fn. 1 [178 Cal.Rptr. 815, 636 P.2d 1153].) Moreover, Mr. Johnson's substantial interference with Mr. Howard's right to possession of the sum

---

[3]Labor Code section 4906, subdivisions (b) and (c), reads as follows:

"(b) No attorney or agent shall demand or accept any fee from an employee or dependent of an employee for the purpose of representing the employee or dependent of an employee in any proceeding of the division, appeals board, or any appellate procedure related thereto until the amount of the fee has been approved or set by the appeals board.

"(c) Any fee agreement shall be submitted to the appeals board for approval within 10 days after the agreement is made."

advanced, being a specific, identifiable sum, may be said to be a conversion within the meaning of the rule.

Mr. Johnson's further argument that conversion and the wrongful taking of money require specific intent which was not alleged or proved at the hearing may be disposed of with the brief comment that no wrongful intent of any degree is required for a conversion to occur. Mr. Howard was found to have suffered a reimbursable loss caused by the dishonest act of Mr. Johnson. Dishonest conduct within the meaning of the predecessor Rules of Procedure of the State Bar includes conduct " 'in the manner of defalcation . . . of money' " (*Saleeby* v. *State Bar* (1985) 39 Cal.3d 547, 556-557 [216 Cal.Rptr. 367, 702 P.2d 525]), which is misuse of funds entrusted to one's care. Clearly, failure to utilize a client's funds for the purpose for which they were tendered and failure to return the funds constitute misuse of those funds. Mr. Johnson's acts were dishonest in the sense that he committed two acts of professional misconduct in his handling of Mr. Howard's payment of $1,000. He accepted an unauthorized fee and he applied funds given for one purpose to a different purpose without the knowledge, direction or consent of Mr. Howard.

Mr. Johnson's contention, without elaboration, that the statute (establishing the Client Security Fund) was not intended to cover retainer fee disputes between an attorney and his client is specious and is rejected inasmuch as no facts from which one could conclude that there was a fee dispute were presented to the reviewing board by Mr. Johnson.

 Finally, Mr. Johnson asserts that the superior court, in its evaluation of the administrative record, had the duty to employ the independent judgment test because "a vested right is taken from the lawyer seeks [*sic*] reinstatement." He relies upon *Moran* v. *Board of Medical Examiners* (1948) 32 Cal.2d 301 [196 P.2d 20], a case in which a physician sought mandamus in order to have set aside an order of suspension from the practice of medicine. The issues in that case have no relevance to this one. The only analogy is that, at the time of the Client Security Fund hearing, Mr. Johnson was no longer a member of the bar, having resigned. That hearing, however, was not for the purpose of determining any issue relating to his possible future reinstatement to the bar. It was, instead, for the sole purpose of determining whether Mr. Johnson's conduct was such that reimbursement of money was appropriate within the fund's rules. Mr. Johnson has no property right in the fund, the fund is a discretionary fund, and the Client Security Fund has no jurisdiction with respect to his possible reinstatement to the bar, that power being vested solely in the California Supreme Court. Therefore, Mr. Johnson has no vested right or fundamental vested interest which is

affected by any Client Security Fund Commission decision of reimbursement. When an administrative decision does not substantially or tangentially involve any important or fundamental right, an independent judgment review of the record in a limited trial de novo is not appropriate. (*Bixby* v. *Pierno* (1971) 4 Cal.3d 130, 143, 147 [93 Cal.Rptr. 234, 481 P.2d 242].) Accordingly, we concur with the judgment of the superior court that, under either method of analysis, the decision which was rendered was entirely proper.

Our review of the record discloses ample evidence to support the decision of the Client Security Fund Commission and the judgment rendered by the trial court. Accordingly, we affirm.

### DISPOSITION

The judgment is affirmed.

Spencer, P. J., and Vogel (Miriam A.), J., concurred.

Appellant's petition for review by the Supreme Court was denied April 15, 1993.