[No. C054091. Third Dist. Aug. 31, 2007.]

FRED VIERRA, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD, COLLINS PINE
COMPANY et al., Respondents.

**COUNSEL**

Anderson & Johnson and Tom Royse Johnson for Petitioner.

No appearance for Respondent Workers' Compensation Appeals Board.

Law Offices of Katchis, Harris & Yempuku and Daniel N. Reich for Respondents Collins Pine Company and Liberty Mutual Insurance Company.

**OPINION**

**BUTZ, J.**—Petitioner Fred Vierra seeks relief from an order denying reconsideration of a decision by respondent Workers' Compensation Appeals Board (WCAB), upholding an administrative law judge's finding that a written attorney fee agreement Vierra entered into with his attorney was not binding. Vierra contends that the WCAB's decision is inconsistent with the statutory scheme and interfered with his right to contract with his attorney. We granted a writ of review and shall now affirm the WCAB order.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 21, 2001, Vierra suffered a lower back injury while working for his employer, respondent Collins Pine Company. On January 12, 2005,

based on the report of E. Fletcher Eyster, M.D., Vierra and the employer's carrier, respondent Liberty Mutual Fire Insurance Company (Liberty Mutual), entered into a stipulation awarding him a 78 percent permanent disability with payments of $230 a week for a total sum of $114,655.

On September 28, 2005, Liberty Mutual noticed Vierra's deposition. On October 24, 2005, Vierra entered into a written "Agreement for Attorneys Fees" (the agreement) retaining Attorney Tom Johnson of Anderson & Johnson, LLP, to represent him in the WCAB proceedings.

The agreement, which is at the center of this dispute, initially states that the attorney fees set by the workers' compensation administrative law judge (WCJ) generally average between 9 and 12 percent of the award. The agreement goes on to state: "There is a statute that allows for clients and attorneys to enter into their own employment agreement. It is Labor Code section 4906. Recognizing that new laws passed in 2004, specifically S[enate] B[ill No.] 899, reduced permanent disability benefits up to 70% in some cases, Anderson & Johnson LLP cannot afford to offer representation under the current attorney fee guidelines for most injured workers anymore [*sic*] as a result thereof. Client inquired if other arrangements could be entered into contractually in order to still be represented by Anderson & Johnson LLP. *This agreement is an attempt to draft around the current policies under Labor Code [section] 4906[, subdivision (g)], which are believed to be outdated.* The parties, accordingly, and pursuant to Labor Code [s]ection 4906[, subdivision (g)], and their constitutional right to enter into contractual relations, hereby agree that **the fee will be set at $225 per hour to be paid out of permanent disability or 12% of the permanent disability award whichever is less.**" (Italics added, original boldface.)

Attorney Johnson submitted the agreement to the WCAB in Redding and successfully moved to change venue from Redding to Sacramento. On July 20, 2006, the WCJ issued an order stating that the attorney fee agreement between Johnson and Vierra was not binding on Vierra. On July 24, 2006, Liberty Mutual petitioned to reopen the case and reduce Vierra's permanent disability.

On August 3, 2006, Vierra petitioned the WCAB for reconsideration of the WCJ's order, contending the fee arrangement was appropriate and should have been allowed. The WCAB denied reconsideration reasoning that, since there was an available source of funds from which to petition for fees, Vierra was not yet aggrieved by the WCJ's order. We granted a writ of review, which issued on January 17, 2007.

## DISCUSSION

Vierra argues that, in the aftermath of legislative reforms slashing workers' compensation benefits, a fee formula for $225 per hour or 12 percent "satisfies any measurement of reasonableness." He thus maintains that the WCAB failed to comply with the law by simply rejecting the fee agreement "out of hand," without evaluating its reasonableness.

■ The California Constitution vests plenary power over workers' compensation in the Legislature. (Cal. Const., art. XIV, § 4; see *Longval v. Workers' Comp. Appeals Bd.* (1996) 51 Cal.App.4th 792, 799 [59 Cal.Rptr.2d 463]; *United States Borax & Chemical Corp. v. Superior Court* (1985) 167 Cal.App.3d 406, 411 [213 Cal.Rptr. 155].) The workers' compensation system enacted by the Legislature "is exclusive of all other statutory and common law remedies, and substitutes a new system of rights and obligations for the common law rules governing liability of employers for injuries to their employees." (*Graczyk v. Workers' Comp. Appeals Bd.* (1986) 184 Cal.App.3d 997, 1003 [229 Cal.Rptr. 494].) "The right to receive attorney fee awards for securing compensation on behalf of workers is also within the broad authority vested in the Legislature over the complete workers' compensation system by article [XIV], section 4 of the California Constitution." (*Longval, supra,* 51 Cal.App.4th at p. 800.)

■ Labor Code section 4906, subdivision (a)[1] provides that "[n]o charge, claim, or agreement for . . . legal services . . . is enforceable, valid, or binding in excess of a reasonable amount. *The appeals board may determine what constitutes a reasonable amount.*" (Italics added.) Subdivision (b) prohibits an attorney from demanding or accepting a fee until the amount has been approved by the WCAB. (See *Johnson v. State Bar* (1993) 12 Cal.App.4th 1561, 1565 [16 Cal.Rptr.2d 6].)

■ Section 4906, subdivision (d) provides that, in establishing a reasonable attorney fee, "consideration shall be given to the responsibility assumed by the attorney, the care exercised in representing the applicant, *the time involved, and the results obtained.*" (Italics added; see also Cal. Code Regs., tit. 8, § 10775.) The WCAB's Policy and Procedural Manual (the Manual) sets forth more specific criteria for WCJ's to follow in determining the reasonableness of requested fees.[2] Attorneys are required to provide prospective clients with a written disclosure form describing the range of attorney

---

[1] Undesignated statutory references are to the Labor Code.

[2] Section 1.140 of the Manual (eff. Oct. 6, 2003) states that cases of average complexity generally result in approval of fees between 9 and 12 percent of the indemnity. If the case is of above average complexity, an award of more than 12 percent may be warranted. If, however, the case is of below average complexity, a fee award of as low as 1 percent may be considered

fees that are customarily approved in workers' compensation cases. (Lab. Code, § 4906, subd. (e); Cal. Code Regs., tit. 8, §§ 10134, 10135.)

■ The Legislature has thus spoken clearly and decisively that attorney fees in workers' compensation cases cannot exceed an amount that is "reasonable" and that the WCAB shall be the final arbiter of reasonableness in all cases. On its face, the agreement at bar purports to override this authority by *guaranteeing* that the attorney will receive fees according to a specified formula at the outset of the case, prior to and irrespective of any subsequent determination of reasonableness by the WCAB. It does so under the auspices of the parties' "constitutional right to enter into contractual relations" and on the rationale that the policies of section 4906 are "outdated" in light of 2004 legislation substantially reducing disability awards to employees.

■ A contract must be lawful (Civ. Code, § 1550), i.e., it must not be in conflict either with express statutes or public policy. (1 Witkin, Summary of Cal. Law (10th ed. 2005) Contracts, § 420, p. 461.) A contract that conflicts with an express provision of the law is illegal and the rights thereto cannot be judicially enforced. (See *Finnegan v. Schrader* (2001) 91 Cal.App.4th 572, 583 [110 Cal.Rptr.2d 552]; *Board of Education v. Round Valley Teachers Assn.* (1996) 13 Cal.4th 269, 287–288 [52 Cal.Rptr.2d 115, 914 P.2d 193] [provisions of collective bargaining agreement in conflict with Ed. Code are preempted and unenforceable].) The agreement, by its very terms, attempts to "draft around" the provisions of section 4906 by setting a fee formula that is insulated from review by the WCAB. To the extent the agreement purports to "draft around" section 4906 by depriving the WCAB of its statutory authority to fix attorney fees, it conflicts with state law and is not enforceable.[3]

■ Vierra contends that the fee agreement should be considered binding unless it is "unconscionable," as that term is used in Civil Code section 1670.5 and the California Rules of Professional Conduct.[4] This view would eliminate the WCAB's authority to evaluate attorney fees for reasonableness, and instead force it to approve any contractual fee as long as it was not "unconscionable" under the standard applicable to civil cases generally.

---

reasonable. (See <http://www.dir.ca.gov/WCAB/WCABPolicy_ProcedureManual/WCAB_ Policy_ProcedureIndex.html> [as of Aug. 31, 2007].)

[3] In this context, we note that it is considered professional misconduct for an attorney to secure or attempt to secure fees in excess of those allowed by the WCAB. (*Reich, Adell, Crost & Perry v. Workers' Comp. Appeals Bd.* (1979) 99 Cal.App.3d 225, 229 [160 Cal.Rptr. 218] (*Reich*).)

[4] Civil Code section 1670.5, subdivision (a) provides: "If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable

" 'It is well settled . . . that a general provision is controlled by one that is special, the latter being treated as an exception to the former. A specific provision relating to a particular subject will govern in respect to that subject, as against a general provision, although the latter, standing alone, would be broad enough to include the subject to which the more particular provision relates.' " (*San Francisco Taxpayers Assn. v. Board of Supervisors* (1992) 2 Cal.4th 571, 577 [7 Cal.Rptr.2d 245, 828 P.2d 147].) "This principle applies whether the specific provision was passed before or after the general enactment." (*Miller v. Superior Court* (1999) 21 Cal.4th 883, 895 [89 Cal.Rptr.2d 834, 986 P.2d 170].)

Accordingly, the legislative mandate of section 4906 that attorney fees in workers' compensation cases must constitute *reasonable* compensation for the work performed must prevail over the more general proscription against contracts that are unconscionable. After all, there are many attorney fee arrangements that would not cross the line into unconscionability, yet would still be deemed unreasonable based on the facts and circumstances of the case.

Vierra also argues that the WCJ erred in failing to determine whether the formula in the agreement was reasonable *before* rejecting it as nonbinding. Liberty Mutual takes the position that no fee agreement is enforceable except one that simply parrots the provisions of the mandatory disclosure form. Neither view is correct.

The WCAB has exclusive jurisdiction over fees to be allowed or paid to applicants' attorneys. Section 4906 and its companion regulations contemplate careful review of a fee request in accordance with the guidelines to ensure that the compensation to the attorney is reasonable. (See *Wheeler & Beaton v. Workers' Comp. Appeals Bd.* (1995) 40 Cal.App.4th 389, 396–397 [46 Cal.Rptr.2d 581].) "The purpose of Labor Code section 4906 is to protect claimants [coming] before the [WCAB] from the exaction of excessive [attorney] fees." (*Reich, supra*, 99 Cal.App.3d at p. 229.)

On the other hand, "[f]ee agreements are not forbidden by the language of [section] 4906 . . . . On the contrary, their legality is recognized both by statute and by court decision." (2 Hanna, Cal. Law of Employee Injuries and Workers' Compensation (rev. 2d ed. 2007) § 20.02[1][b], p. 20-15, fn. omitted (hereafter Hanna).)

An attorney seeking to be paid in accordance with a fee agreement is therefore entitled to "approval" of the reasonableness of the agreed-to fee by

clause as to avoid any unconscionable result." Rule 4-200 of the California Rules of Professional Conduct sets forth several criteria for determining whether an attorney fee is unconscionable.

the WCAB, taking into consideration a panoply of factors, including the time spent on the case and the results obtained. A fee agreement is not presumptively reasonable merely because it comports with the guidelines, nor should it be "lightly disregard[ed]." (*Reich, supra*, 99 Cal.App.3d at p. 234.)

■ Thus, the law does not forbid contracts between applicants and attorneys—it merely gives the WCAB the final say over their enforcement. The fee disclosure form, which attorneys are required to give to the client at the outset of a case (§ 4906, subd. (e)), helpfully educates the applicant on the size of fees that are typically approved.

But "approval" can only come after services are rendered. To require the WCJ to "approve" an agreement that would lock in a fee formula before the attorney commences work, as Vierra suggests, would contravene section 4906 and the policy behind it. Such a mandate would hamstring the WCJ into deciding the question of reasonableness on a blank slate, prior to any evaluation of the nature and quality of the services, effectively stripping the WCJ of the authority to make a fair assessment of the reasonableness of a fee. It is inconceivable that the Legislature intended such an illogical result.

We conclude that a formula for fees in a fee agreement such as the one entered into here is neither forbidden by law nor immune from a WCJ's scrutiny for reasonableness. Once services are rendered, the WCJ may approve, increase or reduce the fees provided for in the agreement, taking into consideration the factors listed in section 4906, subdivision (d), the WCAB guidelines and the Manual. (Hanna, *supra*, § 20.02[1][b], p. 20-15.)

■ In this case, the WCJ did not "reject" the agreement. The order merely states that the agreement is "not binding." Because the WCAB unquestionably has the ultimate authority over attorney compensation (see *Reich, supra*, 99 Cal.App.3d at p. 234), the order is free from error.[5]

Finally, Vierra suggests that, owing to a drastic reduction in workers' compensation awards as a result of legislative reforms passed in 2004, injured workers will now be deprived of the ability to retain competent counsel unless fee agreements that provide for hourly rates, like the one in this case, are given safe harbor. Vierra's plea for changes to the statutory scheme is properly directed to the Legislature. Our function is not to make policy, but to interpret the law as it is written. (*California Teachers Assn. v. Governing Bd. of Rialto Unified School Dist.* (1997) 14 Cal.4th 627, 633 [59 Cal.Rptr.2d 671, 927 P.2d 1175].)

---

[5] The WCJ's comment, in his memorandum of decision, that the agreement is "surplus" and "void," was an overstatement. As we have seen, an agreement for fees, whether hourly or based on a percentage of benefits, is not void; it is simply subject to review for reasonableness.

## DISPOSITION

The WCAB order denying reconsideration is affirmed. The parties shall bear their own costs on the writ petition. (Cal. Rules of Court, rule 8.490(m)(2).)

Blease, Acting P. J., and Hull, J., concurred.