[No. S150528. May 11, 2009.]

DWIGHT SMITH, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and DEPARTMENT
OF CORRECTIONS AND REHABILITATION, JUVENILE JUSTICE
et al., Respondents.

DAVID AMAR, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and MEL CLAYTON
FORD et al., Respondents.

COUNSEL

William A. Herreras for Petitioner Dwight Smith.

Ghitterman, Ghitterman & Feld, Allan S. Ghitterman, Russell R. Ghitterman and Benjamin P. Feld for Petitioner David Amar.

No appearance for Respondent Workers' Compensation Appeals Board.

Robert W. Daneri, Suzanne Ah-Tye, Don E. Clark and David M. Goi for Respondents Department of Corrections and Rehabilitation, Juvenile Justice, Mel Clayton Ford and State Compensation Insurance Fund.

Raymond G. Fortner, Jr., County Counsel (Los Angeles), Patrick A. Wu, Assistant County Counsel, Leah D. Davis, Principal Deputy County Counsel, Eugenia W. Der, Deputy County Counsel, Rita A. Tchavdarian and Jason E. Waller, Associate County Counsel, for County of Los Angeles as Amicus Curiae on behalf of Respondents Department of Corrections and Rehabilitation, Juvenile Justice, Mel Clayton Ford and State Compensation Insurance Fund.

Law Offices of Saul Allweiss and Michael A. Marks for California Workers' Compensation Institute as Amicus Curiae on behalf of Respondents Department of Corrections and Rehabilitation, Juvenile Justice, Mel Clayton Ford and State Compensation Insurance Fund.

OPINION

MORENO, J.—In these consolidated workers' compensation cases, we consider the scope of Labor Code section 4607, which provides: "Where a party to a proceeding institutes proceedings to terminate an award made by the appeals board to an applicant for continuing medical treatment and is unsuccessful in such proceedings, the appeals board may determine the amount of attorney's fees reasonably incurred by the applicant in resisting the proceeding to terminate the medical treatment, and may assess such reasonable attorney's fees as a cost upon the party instituting the proceedings to terminate the award of the appeals board." (Lab. Code, § 4607.)[1]

Petitioners obtained awards for future treatment of their industrial injuries. Sometime thereafter, they submitted medical treatment requests, but their employers' insurance carrier disputed their entitlement to the requested care. Petitioners initiated proceedings to obtain the treatment and, ultimately, were determined to be entitled to the requested care. The insurer thereafter authorized the treatment requests. Petitioners subsequently sought attorney fees pursuant to section 4607. Based on the statutory language, the Workers' Compensation Appeals Board (Board) denied the fee requests, but the Court of Appeal reversed. We granted review to resolve whether section 4607 permits an award under these circumstances. In light of the statute's unambiguous language, we conclude it does not. An employer or insurer that disputes a specific treatment request cannot be said to have "institute[d] proceedings to terminate an award . . . for continuing medical treatment" (§ 4607). Accordingly, we reverse the contrary judgment of the Court of Appeal.

## I.  FACTS AND BACKGROUND

### *Smith's Request for Medical Treatment*

Dwight Smith sustained industrial injuries from cumulative trauma to his right shoulder, neck and psyche while working for the former California Youth Authority (now the Juvenile Justice section of the Department of Corrections and Rehabilitation).[2] In 1997, by stipulation, Smith was awarded partial permanent disability indemnity and future medical treatment.

Eight years later, State Compensation Insurance Fund (SCIF) refused to authorize a request for epidural injections to his back. Smith contacted the

---

[1] All further unlabeled statutory references are to the Labor Code.

[2] The factual and procedural history is largely taken from the Court of Appeal's opinion.

attorney who filed his original workers' compensation claim and the attorney sought utilization review (§ 4610). Pursuant to court order, Smith was examined by an agreed medical examiner, who concluded he needed the injections to relieve his back pain, which was precipitated by his industrial injuries. SCIF authorized the injections without a formal hearing.

Citing section 4607, Smith subsequently sought attorney fees. The workers' compensation judge denied the request, concluding the statute did not authorize an award because SCIF had not instituted proceedings to terminate Smith's award of medical treatment. In a split decision, the Board denied Smith's petition for reconsideration. The majority concluded fees would be available to an applicant who is forced to challenge an insurer's complete refusal to authorize future treatment covered by an award. But because SCIF disputed only part of Smith's care, the statute did not authorize an award of fees.

### Amar's Request for Medical Treatment

Amar sustained an injury to his right foot while working as a car salesman for Mel Clayton Ford. In 2004, by stipulation, Amar was awarded partial permanent disability indemnity and future medical care. Amar thereafter received treatment for weight loss and diabetes, both of which treatments were related to alleviating his foot injury.

Based on further utilization review, SCIF refused to pay for additional medical care for the diabetes or weight loss program. Amar, assisted by the attorneys who had filed his original workers' compensation claim, instituted proceedings to obtain the sought-after treatment. A workers' compensation judge found the weight loss program remained medically necessary to relieve the effects of the injury, but that continued treatment for diabetes was unnecessary for that purpose. The judge ordered the weight loss program reinstated.

Citing section 4607, Amar sought an award of attorney fees. The workers' compensation judge ruled the statute was inapplicable and denied the request. On reconsideration, the judge found SCIF had made a good faith denial of medical care, had not refused to provide necessary medical care or engaged in unreasonable delay in providing care, and had not improperly denied previously awarded treatment. The judge recommended section 4607 fees be denied. The Board adopted the workers' compensation judge's report and denied reconsideration.

Smith and Amar filed petitions for review. The Court of Appeal granted, and consolidated, the two petitions. It reversed the Board's decisions and concluded section 4607 authorizes an award of attorney fees to an employee who successfully challenges an employer's or insurer's denial of a specific request for medical treatment. We granted respondents' petition for review.

## II. DISCUSSION

We independently review the construction of workers' compensation statutes. (*State Comp. Ins. Fund v. Workers' Comp. Appeals Bd.* (2008) 44 Cal.4th 230, 236, fn. 6 [79 Cal.Rptr.3d 171, 186 P.3d 535].) We typically give great weight to the Board's construction of the statutes it is charged to enforce and interpret; we will, however, annul clearly erroneous interpretations. (*Ibid.*)

■ When interpreting any statute, it is well settled that we begin with its words "because they generally provide the most reliable indicator of legislative intent." (*Hsu v. Abbara* (1995) 9 Cal.4th 863, 871 [39 Cal.Rptr.2d 824, 891 P.2d 804].) If the language is clear and unambiguous, there is ordinarily no need for judicial construction. (*Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1103 [56 Cal.Rptr.3d 880, 155 P.3d 284].) In construing a provision, "we presume the Legislature meant what it said" and the plain meaning governs. (*People v. Snook* (1997) 16 Cal.4th 1210, 1215 [69 Cal.Rptr.2d 615, 947 P.2d 808].) ■ We remain mindful, however, that workers' compensation statutes are to be liberally construed in favor of the injured worker. (§ 3202; *Claxton v. Waters* (2004) 34 Cal.4th 367, 373 [18 Cal.Rptr.3d 246, 96 P.3d 496].) With these principles in mind, we consider the scope of section 4607.

■ The statutory language is unambiguous. It authorizes an award of attorney fees only when a party "institutes proceedings *to terminate an award* . . . ."[3] (§ 4607, italics added.) Petitioners nonetheless argue the language also permits an award of fees to an employee who successfully challenges the denial of a particular treatment request. We disagree. When a party institutes termination proceedings, it challenges the continuing necessity for the Board's award of future treatment. By contrast, when an employer or insurer denies a specific treatment request, it challenges whether the sought-after medical care is "reasonably required to cure or relieve the injured worker from the effects of his or her injury . . . ." (§ 4600, subd. (a).) The difference

---

[3] While section 4607 does not explicitly state that employers or insurers are the only ones that can initiate termination proceedings, it is difficult to imagine an employee instituting proceedings to terminate his or her own award of treatment.

between the two concepts is illustrated by our decision in *Barnes v. Workers' Comp. Appeals Bd.* (2000) 23 Cal.4th 679 [97 Cal.Rptr.2d 638, 2 P.3d 1180] (*Barnes*).

In that case, an injured employee obtained an award for future treatment in 1982. (*Barnes, supra*, 23 Cal.4th at p. 682.) Thirteen years later, after an agreed medical examiner concluded the employee's continuing pain was not traceable to the original injury, the employer and its insurer filed a petition to terminate the award. (*Id.* at pp. 682–683.) The workers' compensation judge granted the petition and the Board and the Court of Appeal affirmed. (*Id.* at pp. 683–684.) We reversed, explaining that section 5804, which contains a five-year statute of limitations for rescinding, altering, or amending an award, deprived the Board of jurisdiction. (*Barnes, supra*, 23 Cal.4th at p. 686.) We noted, however, that while it no longer had jurisdiction to terminate the award, the Board retained jurisdiction "to determine whether a *particular* medical treatment . . . is justified to treat [an employee's] industrial injury." (*Id.* at p. 687.) Thus, we distinguished between efforts to terminate an award (which attack the validity of the Board's determination that an employee may need future medical treatment) and the denial of a specific treatment request (which challenges the necessity of a particular course of medical care). (*Id.* at p. 688.)

◼ In the cases at issue here, it is clear the insurer was disputing specific requests rather than attacking petitioners' awards of future treatment. Smith, for example, was originally awarded treatment for injuries to his right shoulder, neck, and psyche. A dispute subsequently arose as to whether epidural injections to his back were covered by the award. The insurer was not attempting to terminate all future medical care. The same is true of Amar. He was originally awarded treatment for injuries to his right foot. Based on further utilization review, the employer challenged the necessity of two particular treatments: a weight loss program and treatment for diabetes. As with Smith, the insurer was disputing Amar's specific requests, not challenging the validity of his award. Thus, the plain language of section 4607 does not permit an award of attorney fees to petitioners.

Petitioners claim such a narrow interpretation of section 4607 will result in illogical consequences. In particular, petitioners argue it would be absurd to award fees when an employer unsuccessfully seeks to terminate an award, but not when an employer unsuccessfully denies a specific treatment request. Such a construction, petitioners warn, will encourage employers and insurers

to simply deny all treatment requests rather than institute termination proceedings, so as to avoid being forced to pay attorney fees.[4] We are not persuaded for several reasons.

First, it is not irrational that the Legislature might have elected to treat the more dramatic step of seeking to terminate an award differently than disputes over specific treatment requests. Termination of all medical treatment can have predictably devastating consequences for an employee. The Legislature could have reasonably decided (as the statutory language clearly suggests) to permit fee shifting under section 4607 *only* when an employee has successfully resisted an attempt to *terminate* his or her award for continuing treatment. Second, the specter raised by petitioners ignores the existence of other statutes, such as section 5814.5, which require the Board to award fees when benefits have been unreasonably delayed or refused.[5] Indeed, petitioners' construction of section 4607 is so expansive that it would make such statutes largely irrelevant as far as the award of medical benefits is concerned. Third, the potential consequences invoked by petitioners—employers issuing blanket denials of medical treatment requests to avoid paying attorney fees—ignores the existence of the utilization review process.

As we discussed in *State Comp. Ins. Fund v. Workers' Comp. Appeals Bd.*, *supra*, 44 Cal.4th at pages 239–240, in response to skyrocketing workers' compensation costs, the Legislature recently established a utilization review process for handling employees' medical treatment requests. The process was intended to provide "quality, standardized medical care for workers in a prompt and expeditious manner." (*Id.* at p. 241.) Employees submit requests for medical treatment to their employers. "If the treatment request is straightforward and uncontroversial, the employer can quickly approve the request . . . without any need for additional medical review of the request." (*Ibid.*) However, under the statutory scheme, only an employer's utilization review physician applying approved criteria can modify, delay, or deny treatment requests—an employer may not, on its own, object to a treatment request. (§ 4610, subds. (e), (f).)

Further, the utilization review scheme contains a procedure for resolving disputes over treatment requests that uses doctors, rather than judges, as the adjudicators. (§§ 4610, subd. (g)(3)(A), 4062, 4062.1, 4062.2.) If an employee disagrees with the utilization review physician's decision to modify,

---

[4] We note the Court of Appeal cited several of these considerations in concluding section 4607 authorized an award here. However, such policy concerns are more properly directed at, and considered by, the Legislature.

[5] Section 5814.5 provides, "When the payment of compensation has been unreasonably delayed or refused subsequent to the issuance of an award . . . , the appeals board shall . . . award reasonable attorneys' fees incurred in enforcing the payment of compensation awarded."

delay, or deny treatment, the employee can request review by an independent medical evaluator who, after evaluating the evidence, decides whether the sought-after treatment is necessary. (§§ 4610, subd. (g)(3)(A), 4062, 4062.1, 4062.2.) Thus, the dispute resolution process does not require the employee to obtain counsel (although the employee is allowed to do so). Indeed, holding out the prospect of attorney fees every time an employee successfully challenges a denial of a treatment request would likely transform the utilization review process, which was intended to be expeditious, inexpensive, and driven by uniform standards and the recommendations of treating physicians, into a more expensive, adversarial, and cumbersome process. In short, the utilization review process renders highly unlikely the scenario petitioners invoke.[6]

Finally, the available legislative history of section 4607 is consistent with a plain language interpretation. First, according to the Legislative Counsel's Digest, section 4607 permits the Board to award attorney fees when an employee successfully resists "proceedings instituted to *terminate* [the] employee's award for continuing medical treatment . . . ."[7] (Legis. Counsel's Dig., Assem. Bill No. 138 (1973–1974 Reg. Sess.) 2 Stats. 1973, Summary Dig., p. 91, italics added.) Nothing suggests the Legislature intended a broader interpretation. Second, section 4607 was modeled after another attorney fees provision, section 4651.3. (Assem. Com. on Finance and Insurance, Analysis of Assem. Bill No. 138 (1973–1974 Reg. Sess.).) Section 4651.3 authorizes an award of fees when an employer unsuccessfully files a petition alleging that an employee's disability has decreased or terminated. The fact that the Legislature used both "decrease" and "terminate" in section 4651.3, but only "terminate" in section 4607 suggests that it knew how, if it so chose, to fashion a broader remedy.

■ Accordingly, in light of the unambiguous statutory language and the legislative history, we hold that section 4607 authorizes an award of attorney fees only to employees who successfully resist efforts to terminate their award of medical treatment. It does not permit an award of fees to employees who successfully challenge the denial of specific treatment requests.

---

[6] We note that this case does not present, and we do not consider, the instance of an employer or insurer unilaterally refusing to pay for all further medical treatment. An employer or insurer that decides for itself that an employee no longer needs additional treatment and accordingly decides to deny all future requests poses a different issue. At a minimum, such an employer or insurer risks sanctions under previously discussed section 5814.5. Moreover, an employer or insurer that fails to comply with the mandates of the utilization review process risks the imposition of penalties under section 4610, subdivision (i).

[7] Although the Legislative Counsel's summary digests are not binding (*State ex rel. Harris v. PricewaterhouseCoopers, LLP* (2006) 39 Cal.4th 1220, 1233, fn. 9 [48 Cal.Rptr.3d 144, 141 P.3d 256]), they are entitled to great weight (*California Assn. of Psychology Providers v. Rank* (1990) 51 Cal.3d 1, 17 [270 Cal.Rptr. 796, 793 P.2d 2]).

## III. DISPOSITION

The judgment of the Court of Appeal is reversed.

George, C. J., Kennard, J., Baxter, J., Werdegar, J., Chin, J., and Corrigan, J., concurred.