[No. B214481. Second Dist., Div. Seven. July 6, 2010.]

KENTON KOSZDIN et al., Plaintiffs and Appellants, v. STATE COMPENSATION INSURANCE FUND, Defendant and Respondent. [And five other cases.*]

*Kenton Koszdin v. The Travelers Indemnity Co. (Super. Ct. L.A. County, 2009, No. BC393290); Gilbert Lipman v. Explorer Ins. Co. (Super. Ct. L.A. County, 2009, No. BC393291); Gilbert Lipman v. State Farm Fire & Casualty Co. (Super. Ct. L.A. County, 2009, No. BC393292); Kenton Koszdin v. Marriott Claims Services (Super. Ct. L.A. County, 2009, No. BC393295); Gilbert Lipman v. Stater Brothers Markets (Super. Ct. L.A. County, 2009, No. BC393296).

**COUNSEL**

Kazandjieff & Traney, Nick Kazandjieff; The Ehrlich Law Firm, Jeffrey Isaac Ehrlich; Novak & Ben-Cohen and Pejman Ben-Cohen for Plaintiffs and Appellants.

Horvitz & Levy, David M. Axelrad and James S. Azadian for Defendants and Respondents State Compensation Insurance Fund, The Travelers Indemnity Company, Explorer Insurance Company, State Farm Fire & Casualty Company, Marriott Claims Services and Stater Brothers Markets.

Sheppard Mullin Richter & Hampton, Frank Falzetta, James M. Burgess, Moe Keshavarzi; Suzanne Ah-Tye, Judith D. Sapper, Betty R. Quarles and Dewayne P. Marshall for Defendant and Respondent State Compensation Insurance Fund.

Carlson Calladine & Peterson, Asim K. Desai, Robert M. Peterson and Christofer C. Nolan for Defendant and Respondent The Travelers Indemnity Company.

Heggeness, Sweet, Simington & Patrico, Clifford D. Sweet III and Joseph N. Patrico for Defendant and Respondent Explorer Insurance Company.

DLA Piper US, Merrill F. Storms, Jr., Mark H. Hamer and Brooke L. Killian for Defendant and Respondent Marriott Claims Services.

Sedgwick, Detert, Moran & Arnold, Maria Louise Cousineau and Kevin J. Dunne for Defendant and Respondent State Farm Fire & Casualty Company.

Smith Ellison and Philip E. Smith for Defendant and Respondent Stater Brothers Markets.

OPINION

**ZELON, J.**—Appellants Kenton Koszdin and Gilbert Lipman (collectively Appellants) appeal from the trial court's judgment of dismissal following the sustaining of a demurrer for lack of subject matter jurisdiction. Appellants are attorneys who represented injured workers in proceedings before the Workers' Compensation Appeals Board (WCAB). In six related class action complaints, they alleged that respondent employers and insurers (collectively Respondents)[1] failed to pay them and the putative class interest owed on attorney fee awards issued by the WCAB. In their joint demurrer to the complaints, Respondents argued that Appellants lacked standing to pursue claims for interest because the right of recovery belonged solely to the injured workers, and that the trial court lacked jurisdiction to grant the relief requested because the WCAB awards at issue did not provide for the payment of interest. We conclude that, under the relevant provisions of the Workers' Compensation Act (Lab. Code,[2] § 3200 et seq.), Appellants have standing to seek interest on the attorney fees awarded directly to them by the WCAB; however, the trial court lacks jurisdiction to entertain the claims for unpaid interest where the WCAB did not expressly order the payment of interest in its attorney fee awards. We therefore affirm the trial court's judgment dismissing the actions with prejudice.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### I.  *The Class Action Complaints*

Koszdin and Lipman are California licensed attorneys who practice before the WCAB. They filed six class action complaints in Los Angeles County Superior Court against six different defendants. Each defendant named in the complaints was either an employer or workers' compensation insurance carrier that allegedly failed to pay interest owed on attorney fee awards issued by the WCAB. The proposed class consisted of California attorneys "who petitioned for and received an award from the WCAB [for] attorney's fees . . . and who were not paid interest on said awards by Defendants" in accordance with the Workers' Compensation Act. The complaints sought certification of two plaintiff subclasses. The first subclass would be comprised of class members who were awarded fees in connection with their representation of injured workers seeking vocational rehabilitation benefits. The second

---

[1] Respondents are (1) State Compensation Insurance Fund, (2) The Travelers Indemnity Company, (3) Explorer Insurance Company, (4) State Firm Fire & Casualty Company, (5) Marriott Claims Services, and (6) Stater Brothers Markets.

[2] Unless otherwise stated, all further statutory references are to the Labor Code.

subclass would consist of class members who were awarded fees arising out of their defense of injured workers in deposition proceedings.[3]

Each complaint alleged three causes of action: (1) conversion, (2) unfair business practices in violation of Business and Professions Code section 17200, and (3) imposition of a constructive trust under Civil Code section 2223. In their prayer for relief, Appellants requested that the superior court award damages in the form of "all interest from awards issued for attorney fees" by the WCAB, and permanently enjoin each named defendant from failing to pay interest on WCAB fee awards. The complaints did not allege that the WCAB had ordered the payment of interest in the attorney fee awards issued to the putative class, or that Appellants had sought relief from the WCAB for any amount of unpaid interest.

## II. The Demurrer to the Complaints

The cases were assigned for all purposes to Los Angeles County Superior Court Judge Carl West in the complex litigation department. Pursuant to a stipulation between the parties, Respondents filed a joint demurrer to the complaints on jurisdictional and standing grounds. As to standing, Respondents contended that Appellants lacked standing to pursue claims for interest on their attorney fee awards because the Workers' Compensation Act mandates that all compensation must be paid directly to the injured worker unless otherwise ordered by the WCAB. As to jurisdiction, Respondents argued that the superior court lacked subject matter jurisdiction over the actions because the claims alleged were barred by the exclusive remedy provisions of the Workers' Compensation Act. Respondents also asserted that jurisdiction was lacking because Appellants failed to comply with certain statutory prerequisites to bringing suit by filing certified copies of their WCAB fee awards with the clerk of the superior court.

The day after Respondents filed their demurrer, Appellants filed a "Notice of Filing Award for Attorney Fees and Certification for Execution" in each of the six cases. The notices attached certified copies of various attorney fee awards that had been issued to Appellants by the WCAB. Appellants later filed an opposition to the demurrer which included copies of the previously filed notices and fee awards. Each WCAB fee award filed by Appellants included an order for the payment of attorney fees directly to Koszdin or Lipman, but did not expressly provide for the payment of any interest on those fees.

---

[3] In the complaints where both Koszdin and Lipman were named as plaintiffs, relief was sought on behalf of both proposed subclasses. In the complaints where Lipman was the sole named plaintiff, relief was sought only on behalf of the vocational rehabilitation subclass.

On December 17, 2008, Judge West issued a written order sustaining the demurrer to the six class action complaints without leave to amend. Judge West concluded that Appellants had standing to seek interest on their WCAB fee awards, but that the superior court lacked subject matter jurisdiction over the claims alleged. Judge West found that, because the WCAB failed to order the payment of interest on the attorney fee awards at issue, the superior court did not have the authority to alter the awards to include an order for interest. Instead, the exclusive remedy afforded to Appellants was to seek relief in the first instance before the WCAB or the Court of Appeal. The trial court thus dismissed the actions "with prejudice to the re-filing of the claims in [superior] court, but without prejudice to [Appellants'] right to pursue their claims before the Workers' Compensation Appeals Board." Appellants timely filed a notice of appeal.

## DISCUSSION

### I. *Standard of Review*

In reviewing the sufficiency of a complaint against a demurrer, we "treat[] the demurrer as admitting all material facts properly pleaded," but we do not "assume the truth of contentions, deductions or conclusions of law." (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967 [9 Cal.Rptr.2d 92, 831 P.2d 317].) We liberally construe the pleading to achieve substantial justice between the parties, giving the complaint a reasonable interpretation and reading the allegations in context. (Code Civ. Proc., § 452; *Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081 [6 Cal.Rptr.3d 457, 79 P.3d 569].) When a demurrer is sustained, we must determine de novo whether the complaint alleges facts sufficient to state a cause of action under any legal theory. (*McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415 [106 Cal.Rptr.2d 271, 21 P.3d 1189].) When a demurrer is sustained without leave to amend, we also must decide whether there is a reasonable possibility that the defect can be cured by amendment. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].) If it can be cured, the trial court has abused its discretion in sustaining the demurrer without leave to amend and we reverse. (*Ibid.*) If it cannot be cured, there has been no abuse of discretion and we affirm. (*Ibid.*)

The proper interpretation of workers' compensation statutes presents a question of law that is also subject to independent review. (*Smith v. Workers' Comp. Appeals Bd.* (2009) 46 Cal.4th 272, 277 [92 Cal.Rptr.3d 894, 206 P.3d 430]; *State Comp. Ins. Fund v. Workers' Comp. Appeals Bd.* (2008) 44 Cal.4th 230, 236, fn. 6 [79 Cal.Rptr.3d 171, 186 P.3d 535].) The rules governing

statutory interpretation are well settled. We begin with the fundamental principle that "[t]he objective of statutory construction is to determine the intent of the enacting body so that the law may receive the interpretation that best effectuates that intent. [Citation.]" (*Fitch v. Select Products Co.* (2005) 36 Cal.4th 812, 818 [31 Cal.Rptr.3d 591, 115 P.3d 1233].) To ascertain that intent, "we turn first to the words of the statute, giving them their usual and ordinary meaning. [Citations.]" (*Nolan v. City of Anaheim* (2004) 33 Cal.4th 335, 340 [14 Cal.Rptr.3d 857, 92 P.3d 350].) The statute's every word and clause should be given effect so that no part or provision is rendered meaningless or inoperative. (*Manufacturers Life Ins. Co. v. Superior Court* (1995) 10 Cal.4th 257, 274 [41 Cal.Rptr.2d 220, 895 P.2d 56]; *DuBois v. Workers' Comp. Appeals Bd.* (1993) 5 Cal.4th 382, 388 [20 Cal.Rptr.2d 523, 853 P.2d 978].) A statute is not to be read in isolation, but construed in context and " 'with reference to the whole system of law of which it is a part so that all may be harmonized and have effect. [Citations.]' " (*Landrum v. Superior Court* (1981) 30 Cal.3d 1, 14 [177 Cal.Rptr. 325, 634 P.2d 352].) "If the statutory language is unambiguous, 'we presume the Legislature meant what it said, and the plain meaning of the statute governs.' [Citations.]" (*People v. Toney* (2004) 32 Cal.4th 228, 232 [8 Cal.Rptr.3d 577, 82 P.3d 778]; see also *Lennane v. Franchise Tax Bd.* (1994) 9 Cal.4th 263, 268 [36 Cal.Rptr.2d 563, 885 P.2d 976] [" 'Where the statute is clear, courts will not "interpret away clear language in favor of an ambiguity that does not exist." [Citation.]' "].)

## II. *Standing*

The first issue before this Court is one of standing. In their joint demurrer, Respondents contended that Appellants did not have standing to pursue claims for unpaid interest on their WCAB fee awards because all compensation must be paid directly to the injured worker unless otherwise ordered by the WCAB, and these awards did not direct the payment of any interest to the attorneys. We conclude that, based on the relevant provisions of the Workers' Compensation Act, Appellants have standing to seek interest on their attorney fee awards.

■ Section 5800 governs the right to recover interest on compensation awards issued by the WCAB. It provides, in pertinent part, that "[a]ll awards of the appeals board either for the payment of compensation or for the payment of death benefits, shall carry interest at the same rate as judgments in civil actions on all due and unpaid payments from the date of the making and filing of said award." (§ 5800.) Accordingly, under section 5800, a WCAB "award of compensation includes the right to interest thereon from

the date of making and filing the award . . . ." (*Myers v. Workmen's Comp. Appeals Bd.* (1969) 2 Cal.App.3d 621, 626 [83 Cal.Rptr. 427].) Because the statute is mandatory in nature, the "computation and payment of interest . . . is required in every case by Labor Code section 5800 . . . ." (*Tucker v. Workmen's Comp. Appeals Bd.* (1975) 44 Cal.App.3d 330, 332 [118 Cal.Rptr. 567].) "Although the amount of interest due in any single case may be small, . . . [i]nterest should always be computed and paid with the payment of the principal award absent special circumstances." (*Ibid.*)

█ Section 5800 is contained in division 4, part 4, chapter 6 of the Labor Code. "Compensation" under division 4 is defined as including "every benefit or payment conferred by this division upon an injured employee, or in the event of his or her death, upon his or her dependents, without regard to negligence." (§ 3207.) The parties do not dispute that the attorney fee awards issued by the WCAB are "compensation" within the meaning of the Workers' Compensation Act. Indeed, attorney fees awarded to counsel for an injured worker constitute a lien on the compensation awarded to the worker and are payable out of the worker's award. (§ 4903 [WCAB "may determine, and allow as liens against any sum to be paid as compensation . . . [¶] (a) A reasonable attorney's fee for legal services pertaining to any claim for compensation"]; *State Comp. Ins. Fund v. Workers' Comp. Appeals Bd.* (1981) 117 Cal.App.3d 143, 145 [172 Cal.Rptr. 557] ["Attorneys' fees payable to counsel for the injured worker constitute a lien on the benefits awarded [citation], and are payable out of the recovery."].) The WCAB also has the authority to order the payment of attorney fees directly to the injured worker's counsel. (§§ 4903, 4905, 4906; *State Comp. Ins. Fund v. Workers' Comp. Appeals Bd., supra,* at p. 145.) Consequently, the WCAB fee awards issued to Appellants in this case were "awards . . . for the payment of compensation" pursuant to section 5800, and as such, they accrued interest "at the same rate as judgments in civil actions."[4] (§ 5800.)

---

[4] While not disputing that WCAB fee awards are compensation under the Workers' Compensation Act, Respondents note that the WCAB has rendered conflicting decisions on the issue. Some WCAB decisions have concluded that no interest is owed on attorney fee awards under section 5800 because attorney fees are not an award of compensation, but an order for the disbursement of funds withheld from the injured worker's benefit award. (*Gregory v. Workers' Comp. Appeals Bd.* (1998) 63 Cal.Comp.Cases 853 [writ denied]; *Balderston v. Workers' Comp. Appeals Bd.* (1997) 62 Cal.Comp.Cases 678 [writ denied].) Other WCAB decisions have reached a contrary conclusion and determined that attorney fee awards are payments of compensation that accrue interest pursuant to section 5800. (*Winters v. Workers' Comp. Appeals Bd.* (2000) 65 Cal.Comp.Cases 1354 [writ denied]; *Whitley v. Workers' Comp. Appeals Bd.* (1997) 62 Cal.Comp.Cases 1331 [writ denied].) Based on our reading of the relevant statutory provisions, attorney fees awarded by the WCAB do constitute "payments of compensation" under section 5800, for which accrued postaward interest must be paid.

Although Respondents concede that attorney fees are compensation within the workers' compensation statutory scheme, they nevertheless claim that Appellants lack standing to seek interest on their WCAB fee awards because the right of recovery belongs solely to the injured worker. In support of their contention, Respondents rely on section 4902 which states, in relevant part, that "[n]o compensation, whether awarded or voluntarily paid, shall be paid to any attorney at law or in fact or other agent, but shall be paid directly to the claimant entitled thereto unless otherwise ordered by the appeals board." (§ 4902.) Respondents reason that, because the fee awards at issue here did not direct the payment of interest to the attorneys, any interest owed on the awards must be paid directly to the injured workers. Respondents thus assert that only the workers have standing to seek the recovery of unpaid interest on the attorney fee awards ordered by the WCAB. We disagree.

■ "[U]nder Labor Code section 5800, the underlying compensation payment and accrued interest are 'integrated components' of the same class of benefits. [Citation.]" (*California Highway Patrol v. Workers' Comp. Appeals Bd.* (2001) 89 Cal.App.4th 1201, 1206 [108 Cal.Rptr.2d 118]; see also *Gellie v. Workers' Comp. Appeals Bd.* (1985) 171 Cal.App.3d 917, 920 [217 Cal.Rptr. 630] [agreeing that interest which accrues on unpaid benefits "is not a separate species or class of compensation . . . but is, instead, an integral part of the underlying benefit itself"].) Therefore, as one Court of Appeal explained, when an employer failed to timely pay both a benefit award and a fee award in connection with a workers' compensation claim, "10 percent interest, the legal rate due on judgments, should have been included in the payments made to [the injured worker] *and his counsel . . . ."* (*Soto v. Workers' Comp. Appeals Bd.* (1996) 46 Cal.App.4th 1356, 1361 [54 Cal.Rptr.2d 446], italics added.) On at least one occasion, the WCAB has reached the same conclusion.[5] In *Winters v. Workers' Comp. Appeals Bd., supra,* 65 Cal.Comp.Cases at page 1355, the WCAB determined that the interest owed on a fee award under section 5800 was payable directly to the injured worker's attorney because the "interest compensates the attorney for the loss of income and earning power occasioned by delays in the receipt of fees."

■ In this case, the attorney fee awards ordered by the WCAB expressly directed the payment of attorney fees to either Koszdin or Lipman. We agree with the trial court that, when a WCAB award specifically provides that attorney fees are to be paid directly to the attorney, any postaward interest that accrues on the attorney fees must also be paid directly to that attorney.

[5] Although not binding on this court, the WCAB's contemporaneous interpretation of the workers' compensation laws is appropriately considered in construing the statute. (*Brodie v. Workers' Comp. Appeals Bd.* (2007) 40 Cal.4th 1313, 1331 [57 Cal.Rptr.3d 644, 156 P.3d 1100]; *Smith v. Workers' Comp. Appeals Bd.* (2000) 79 Cal.App.4th 530, 537, fn. 2 [94 Cal.Rptr.2d 186].)

We accordingly conclude that Appellants have standing to seek accrued interest on their WCAB fee awards under section 5800. However, Appellants' legal standing to pursue claims for unpaid interest is a separate issue from the superior court's jurisdiction to entertain such claims in a civil suit.

III. *Jurisdiction*

■ The second issue before this court is therefore one of jurisdiction. The trial court sustained the demurrer to Appellants' complaints on the ground that it did not have subject matter jurisdiction because the WCAB awards did not provide for the payment of interest. Appellants argue that their claims clearly fall within the jurisdiction of the superior court because section 5800 requires WCAB awards to carry interest at the same rate as civil judgments, and civil judgments automatically accrue interest by force of law irrespective of whether an order for interest is specified in the judgment. We conclude, however, that while Appellants are entitled to seek unpaid interest on their WCAB fee awards under section 5800, the trial court does not have jurisdiction to entertain their civil actions under section 5806. The trial court lacks the statutory authority to grant the relief sought by Appellants in this case because doing so would require the court to correct the WCAB fee awards to add interest, and thus, would constitute an act in excess of the limited enforcement jurisdiction granted by the Legislature. Based on the lack of subject matter jurisdiction, the trial court properly sustained the demurrer without leave to amend.

■ Pursuant to the plenary power granted by article XIV, section 4 of the California Constitution, the Legislature enacted a comprehensive statutory scheme governing compensation given to employees for injuries sustained in the course and scope of their employment. (§ 3200 et seq.) The right to receive workers' compensation benefits "is wholly statutory and is not derived from common law." (*DuBois v. Workers' Comp. Appeals Bd., supra,* 5 Cal.4th at p. 388; see also *Vierra v. Workers' Comp. Appeals Bd.* (2007) 154 Cal.App.4th 1142, 1147 [65 Cal.Rptr.3d 423] ["The workers' compensation system enacted by the Legislature 'is exclusive of all other statutory and common law remedies, and substitutes a new system of rights and obligations for the common law rules governing liability of employers for injuries to their employees.' "].) "The right to receive attorney fee awards for securing compensation on behalf of workers is also within the broad authority vested in the Legislature over the complete workers' compensation system . . . ." (*Longval v. Workers' Comp. Appeals Bd.* (1996) 51 Cal.App.4th 792, 800 [59 Cal.Rptr.2d 463].) Because injured workers are limited to these statutory remedies for all injuries caused by wrongful delays or refusals to pay, lien

claimants are limited to the same. (*Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund* (2001) 24 Cal.4th 800, 816 [102 Cal.Rptr.2d 562, 14 P.3d 234].) As a result, "claims seeking compensation for services rendered to an employee in connection with his or her workers' compensation claim fall under the exclusive jurisdiction of the WCAB. [Citations.]" (*Id.* at p. 815; see also *Greener v. Workers' Comp. Appeals Bd.* (1993) 6 Cal.4th 1028, 1038–1039 [25 Cal.Rptr.2d 539, 863 P.2d 784] [" 'Proceedings which in any manner concern the recovery of compensation, or any right or liability "arising out of or incidental thereto" are to be instituted solely before the Appeals Board,' " including an attorney's "right to fees."].)

■ Under the Workers' Compensation Act, orders of the WCAB are subject to review only by the methods set forth in the statute. (§§ 5810, 5950, 5955; *Greener v. Workers' Comp. Appeals Bd., supra*, 6 Cal.4th at p. 1041; *Loustalot v. Superior Court* (1947) 30 Cal.2d 905, 908 [186 P.2d 673].) Section 5950 provides that "[a]ny person affected by an order, decision, or award of the appeals board may . . . apply to the Supreme Court or to the court of appeal . . . for a writ of review, for the purpose of inquiring into and determining the lawfulness of the original order, decision, or award . . . ." (§ 5950.) Section 5955 further states that "[n]o court of this state, except the Supreme Court and the courts of appeal to the extent herein specified, has jurisdiction to review, reverse, correct, or annul any order, rule, decision, or award of the appeals board . . . ." (§ 5955.)

■ This statutory scheme provides a party affected by an order of the WCAB the right to seek judicial review of that order in the Court of Appeal or the Supreme Court. (*Greener v. Workers' Comp. Appeals Bd., supra*, 6 Cal.4th at p. 1040; see also *Loustalot v. Superior Court, supra*, 30 Cal.2d at p. 912 ["The only relief afforded the aggrieved party is a writ by [the Supreme] court or a District Court of Appeal."].) "At least as to those rulings, the jurisdiction of the appellate courts is exclusive . . . ." (*Greener v. Workers' Comp. Appeals Bd., supra*, at p. 1040; see *Loustalot v. Superior Court, supra*, at p. 913 ["legality of any order of the [Industrial Accident Commission, the WCAB's predecessor] can be questioned only by the appellate courts"].) In contrast, "superior courts have no jurisdiction to review or otherwise interfere with the operation of any order" issued by the WCAB. (*Loustalot v. Superior Court, supra*, at p. 910.) An order of the WCAB "even though erroneous, may not be reviewed or annulled by the superior court and must stand as a proper and legal order until reversed by [the Supreme Court] or a District Court of Appeal." (*Id.* at p. 912; see also *Pizarro v. Superior Court* (1967) 254 Cal.App.2d 416, 418, fn. 3 [61 Cal.Rptr. 923] ["An order of the Industrial

Accident Commission may not be reviewed by a superior court even though it is erroneous."].)

Superior courts may, however, exercise a limited jurisdiction to enforce WCAB orders and awards in accordance with a narrowly drawn mandate. Section 5806 provides that "[a]ny party affected thereby may file a certified copy of the findings and order, decision, or award of the appeals board with the clerk of the superior court of any county," and that "[j]udgment shall be entered immediately by the clerk in conformity therewith." (§ 5806.) Although section 5806 authorizes the entry of a civil judgment in conformity with a WCAB award, the superior court "has no jurisdiction to stay or modify any proceedings under the award." (*Greitz v. Sivachenko* (1957) 152 Cal.App.2d 849, 850–851 [313 P.2d 922]; see also *Vickich v. Superior Court* (1930) 105 Cal.App. 587, 592 [288 P. 127] ["Subject only to review by the Supreme Court or a District Court of Appeal, the judicial authority in relation to such awards appears to have been retained entirely within the Industrial Accident Commission."].) Except for the limited enforcement authority granted by the Labor Code, the Legislature has precluded the superior courts from exercising jurisdiction over workers' compensation matters. (*Loustalot v. Superior Court, supra*, 30 Cal.2d at p. 912; *Pizarro v. Superior Court, supra*, 254 Cal.App.2d at p. 418; *Greitz v. Sivachenko, supra*, at pp. 850–851.)

In this case, the class action complaints filed by Appellants did not allege that their attorney fee awards from the WCAB included an order for interest. In fact, the certified copies of the fee awards submitted to the trial court confirmed that, while the awards did order the payment of attorney fees to Appellants, they were silent with respect to the payment of interest. Therefore, to grant Appellants the relief sought in their complaints—entry of a civil judgment awarding interest on attorney fees–the trial court would have to modify the terms of their WCAB awards to add a provision for interest. This is beyond the authority of the superior courts with respect to WCAB awards as restricted by statute. All that a superior court is empowered to do under section 5806 is to enter a judgment that precisely tracks the terms of the WCAB award. (§ 5806 ["Judgment shall be entered immediately by the clerk in conformity therewith."].) There is nothing in the plain language of section 5806 granting the superior court the authority to add interest to a workers' compensation award where the WCAB itself has not ordered the payment of interest. A judgment for interest that has not been included in the terms of the WCAB award is simply beyond the jurisdiction of the superior court.

The California Supreme Court's decision in *Franczak v. Liberty Mut. Ins. Co.* (1977) 19 Cal.3d 481 [138 Cal.Rptr. 467, 564 P.2d 9] (*Franczak*) does not compel a contrary conclusion in this case. In *Franczak*, an injured worker brought a class action suit in superior court against a workers' compensation insurance carrier for failing to pay interest owed on WCAB benefit awards. (*Id.* at p. 484.) Each benefit award at issue included an express order from the WCAB that it was to be paid " 'with interest as provided by law.' " (*Ibid.*) The complaint alleged that the insurer paid the principal sums of the awards, but deliberately refrained from paying interest on the awards because the amounts involved were so small that it was impractical for the workers to individually pursue their right to interest. (*Ibid.*) The complaint sought an audit of the insurer's books for purposes of determining the exact sums due to each class member, and the entry of a single judgment for the entire class. (*Ibid.*) The trial court granted the insurer's motion to dismiss the complaint on the ground that the court lacked subject matter jurisdiction over the action. (*Id.* at p. 485.)

The Supreme Court reversed, holding that the superior court had jurisdiction to entertain the action under the express language of section 5806. (*Franczak, supra,* 19 Cal.3d at p. 485.) The court reasoned that the complaint specifically "allege[d] that the decisions of the board granting benefits to the class members included awards of interest," and "[s]ince section 5806 gives the trial court the power to enter a judgment based upon a decision of the board, the award of interest reaches the same stature with regard to jurisdiction of the court as the award of the principal sum." (*Ibid.*) In response to the insurer's argument that the WCAB had exclusive jurisdiction over workers' compensation claims, the court explained that "[t]he award of interest has been made by the board, under the allegations of the complaint, and plaintiffs seek only to invoke the court's jurisdiction to secure a judgment for the purpose of enforcing that award. The award has been fixed; the plaintiff does not seek to enlarge it or alter it in any way, nor to review the merits of the award, but merely to enforce its precise terms. This is to be done by the superior court under section 5806." (*Ibid.*) Under similar reasoning, the court also held that the superior court had jurisdiction to include interest due on the awards in its civil judgment. (*Id.* at p. 486.) The court concluded that "[s]ince section 5806 authorizes the entry of judgment in conformity with the board's awards, and the awards in the present case contained a directive that interest be paid, . . . the court has the power to calculate the interest due on awards of the board and to include such interest in the judgment." (*Ibid.,* fn. omitted.)

In contrast to the WCAB awards at issue in *Franczak*, the awards giving rise to Appellants' claims did not contain any directive from the WCAB that interest was to be paid on attorney fees. Accordingly, to enter a civil judgment providing for the payment of interest, the trial court would have to do more than merely enforce a WCAB award according to "its precise

terms." (*Franczak, supra*, 19 Cal.3d at p. 485.) The trial court would have to correct the WCAB fee awards issued to the class to include an additional award of interest not ordered by the WCAB. However, as the Supreme Court recognized in *Franczak*, section 5806 only "authorizes the entry of judgment in conformity with the board's awards" for the purpose of enforcing the awards precisely as written. (19 Cal.3d at p. 486.) Under the reasoning of *Franczak*, the jurisdiction of the superior court does not extend to awarding interest in the absence of an express order from the WCAB.

Appellants contend that their WCAB awards need not include an order for interest to satisfy the jurisdictional requirements of section 5806 because interest on the awards accrued automatically by operation of law. In support of their argument, Appellants cite to a line of cases outside the workers' compensation context which recognize the general principle that civil judgments bear interest automatically regardless of whether they contain an express recital to that effect. (See, e.g., *Glenn v. Rice* (1917) 174 Cal. 269, 276 [162 P. 1020] ["In entering a judgment, it is not necessary to declare therein that it shall bear interest. It bears interest . . . by force of the law and not by reason of any declaration it may contain to that effect."]; *County of Los Angeles v. Salas* (1995) 38 Cal.App.4th 510, 515 [45 Cal.Rptr.2d 61] ["[I]nterest accrues automatically by force of law and not by a declaration in the judgment."]; *Pinecrest Productions, Inc. v. RKO Teleradio Pictures, Inc.* (1970) 14 Cal.App.3d 6, 11 [92 Cal.Rptr. 44] [" 'It was not then nor has it ever been necessary for the judgment to contain a direction for payment of interest; the obligation follows automatically.' "].) Appellants reason that since section 5800 requires WCAB awards to bear interest at the same rate as judgments in civil actions, a WCAB award of attorney fees necessarily entitles the attorney to interest on those fees even in the absence of an express order to that effect.

We do not disagree that Appellants have the right to recover unpaid interest on the fee awards issued to them by the WCAB irrespective of whether the awards specifically provided for the payment of interest. By its terms, section 5800 is mandatory in nature. It compels the payment of accrued interest on all WCAB compensation awards and gives no discretion to the WCAB not to award interest. (§ 5800 ["[a]ll awards of the appeals board . . . for the payment of compensation . . . shall carry interest . . ."]; *Tucker v. Workmen's Comp. Appeals Bd., supra*, 44 Cal.App.3d at p. 332 ["payment of interest . . . is required in every case by Labor Code section 5800"].) Thus, the WCAB erred, and Appellants are not barred from seeking interest on their attorney fee awards simply because the WCAB failed to include a specific order for interest in the awards. However, the attorneys' right to pursue claims for unpaid interest under section 5800 is distinct from the superior court's jurisdiction to adjudicate such claims under section 5806. By its terms, section 5806 expressly limits the superior court's jurisdiction in

workers' compensation matters to the enforcement of WCAB orders and awards "in conformity therewith." (§ 5806.) It does not grant the superior court the authority to review, correct, or otherwise modify the terms of a WCAB award to include an order for interest not made by the WCAB. If the superior court were to enter a judgment for interest that appears nowhere in the WCAB awards, as Appellants are seeking through these civil suits, the court would be exceeding the express jurisdictional limitations set forth in the Workers' Compensation Act.[6]

■ Appellants argue that denying them a class action remedy before the superior court would be inequitable in this case. They assert that if the putative class were limited to pursuing individual claims for unpaid interest before the WCAB, class members would lack the necessary economic incentive to challenge Respondents' alleged practice of not paying interest on attorney fee awards. However, "[t]here is no 'equitable claim' exception to the WCAB's exclusive jurisdiction." (*Hughes v. Argonaut Ins. Co.* (2001) 88 Cal.App.4th 517, 531 [105 Cal.Rptr.2d 877].) Moreover, "[o]ur function is not to make policy, but to interpret the law as it is written. [Citation.]" (*Vierra v. Workers' Comp. Appeals Bd., supra,* 154 Cal.App.4th at p. 1150.) Any inequities that Appellants believe may exist in the limited superior court jurisdiction mandated by the Workers' Compensation Act must be addressed to the Legislature, not the Court of Appeal.

Because adjudicating Appellants' alleged claims for interest would require the trial court to do more than merely enforce the attorney fee awards issued by the WCAB according to their exact terms, the trial court lacked subject matter jurisdiction over the actions. Appellants' remedies in this matter are limited to pursuing a claim for unpaid interest on their fee awards before the WCAB, or if appropriate, filing a petition for writ of review before a proper appellate court. Accordingly, the trial court did not err in sustaining the joint demurrer to the complaints without leave to amend. (*Vaillette v. Fireman's Fund Ins. Co.* (1993) 18 Cal.App.4th 680, 685 [22 Cal.Rptr.2d 807, 23 Cal.Rptr.2d 807] ["[L]eave to amend should *not* be granted where . . . amendment would be futile."].)[7]

---

[6] Where jurisdiction over subject matter is exclusive, Business and Professions Code section 17200 claims do not provide an alternative basis for the court to hear such claims. (See, e.g., *Lockwood v. Sheppard, Mullin, Richter & Hampton* (2009) 173 Cal.App.4th 675 [93 Cal.Rptr.3d 220] [§ 17200 claim may not be pursued in state court where complaint arises under patent laws and is subject to exclusive federal jurisdiction].)

[7] In light of our conclusion that the trial court lacked jurisdiction under section 5806 to enforce an award of interest not expressly ordered by the WCAB, we need not address Respondents' argument that Appellants failed to comply with the procedural requirements of section 5806 by filing certified copies of their WCAB awards directly with the superior court clerk.

## DISPOSITION

The judgment is affirmed. Respondents shall recover their costs on appeal.

Perluss, P. J., and Jackson, J., concurred.

A petition for a rehearing was denied July 19, 2010, and appellants' petition for review by the Supreme Court was denied September 15, 2010, S185333. Corrigan, J., did not participate therein. Kennard, J., was of the opinion that the petition should be granted.