[Civ. No. 15657.  First Dist., Div. Two.  Dec. 3, 1953.]

GLASS CONTAINERS, INC. (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and ELIZABETH B. HART et al., Respondents.

Rinaldo Sciaroni, Jr., and Brobeck, Phleger & Harrison for Petitioner.

Herlihy & Herlihy, Edmund J. Thomas, Jr., and T. Groezinger for Respondents.

DOOLING, J.—Petitioner attacks an award of the Industrial Accident Commission apportioning against it, as a former employer of Thomas B. Hart, deceased, and in favor

of respondent Industrial Indemnity Company, a portion of the total death benefit to which the decedent's wife and child would be entitled by reason of decedent's death from silicosis.

At the time that the disease became disabling the decedent was self-employed and was insured by Industrial Indemnity Company (hereafter referred to as Industrial) against disability and death resulting from his occupation by a policy which conferred the same benefits as those prescribed by the workmen's compensation provisions of the Labor Code for employees of others who suffered similar disability or death in the course of their employment.

The proceeding before the commission was commenced by decedent's widow against Industrial to recover on its policy, and the minor child through a guardian ad litem was afterwards joined as an applicant. An award for death benefits was made against Industrial and Industrial in turn sought an apportionment of its liability against petitioner and other former employers of decedent and their insurers. The commission thereafter made the award here attacked in favor of Industrial and against petitioner for a portion of the total liability.

■ It is now settled in cases where disability or death results to an employee from a progressive occupational disease such as silicosis, that the employee or his dependents may recover the full compensation benefits from any employer in the chain of causation and that the commission must thereafter apportion the liability among the successive employers in the proportion that each period of employment contributed to the disabling or fatal disease. (*Colonial Ins. Co.* v. *Industrial Acc. Com.*, 29 Cal.2d 79 [172 P.2d 884].) This is apparently the first case to come before the courts in which the commission has attempted to extend this rule of apportionment in favor of an insurer who has incurred a liability by a policy which confers upon a self-employed person and his dependents the same benefits as the compensation law would confer were he employed by another. It is petitioner's position that the commission is without jurisdiction to make such an award.

Certain preliminary observations will lend clarity to the discussion and determination of this question. ■ It is settled that under section 21 of article XX of the Constitution the Legislature cannot confer upon the Industrial Accident Commission the power to adjudicate or enforce a liability unless the liability arises out of the relation of em-

ployer and employee. (*Employers' Liability Assur. Corp.* v. *Industrial Acc. Com.*, 187 Cal. 615 [203 P. 95].) With this constitutional limitation in mind, undoubtedly, the Legislature adopted section 5308 of the Labor Code, providing:

"The commission has jurisdiction to determine controversies arising out of insurance policies issued to self-employing persons, conferring benefits identical with those prescribed by this division.

"The commission may try and determine matters referred to it by the parties under the provisions of Part III, Title X, of the Code of Civil Procedure, with respect to controversies arising out of insurance issued to self-employing persons under the provisions of this division. Such controversies may be submitted to it by the signed agreement of the parties, or by the application of one party and the submission of the other to its jurisdiction, with or without an express request for arbitration. . . .

"In acting as arbitrator under this section, the commission has all the powers which it may lawfully exercise in compensation cases, and its findings and award upon such arbitration have the same conclusiveness and are subject to the same mode of reopening, review, and enforcement as in compensation cases."

It was pursuant to this section that the proceedings leading to the original award against Industrial were taken. Had Industrial not voluntarily submitted to the jurisdiction of the commission, not as the Industrial Accident Commission but *solely as an arbitrator* pursuant to the provisions of section 5308, the commission would have had no power or jurisdiction to make the original award against it. This is so because of the liability enforced against Industrial by that award was not one created by law under the authority of California Constitution, section 21, article XX, and arising out of the relation of employer and employee, but was a purely contractual liability arising from the contract of insurance between Industrial and the decedent.

Respondents rely upon that portion of section 5308 reading:

"In acting as an arbitrator under this section, the commission has all the powers which it may lawfully exercise in compensation cases . . ." From this they argue that once the insurer and the insured's dependents had voluntarily submitted the question of the insurer's contractual liability under its policy to the commission as an arbitrator other parties could, in the same proceeding, be involuntarily brought before

the commission as commission. We are satisfied from a reading of the whole section that it was not intended by the last quoted language to extend such a broad power to the commission in what is no more than a specialized type of arbitration proceeding in which the authority of the commission to act at all is, and must be, dependent upon the voluntary act of the parties in submitting a question of contractual liability to the commission solely as arbitrator. This is made clear by other language in the section: "The commission may try and determine *matters referred to it by the parties* under the provisions of Part III, Title X of the Code of Civil Procedure *with respect to controversies arising out of insurance* issued to self-employing persons. . . . Such controversies may be submitted . . . *by the signed agreement* of the parties, or by the application of one party and *the submission of the other* to its jurisdiction. . . ."

From the italicized portions of the above quotation it is clear that the commission's authority under section 5308 is limited to "controversies arising out of insurance issued to self-employing persons" and that even as to such controversies it can only obtain jurisdiction by the express or implied agreement of the parties. Since petitioner herein objected to the jurisdiction of the commission at every stage of the proceedings it could not be made a party under section 5308, even if it might be held that the liability sought to be imposed on it is one "arising out of insurance issued to a self-employing person." Petitioner's liability does not in fact arise out of Industrial's contract insuring decedent as a self-employing person. Any liability that it may be under arises out of the past relationship of employer and employee and is imposed upon it by law (the workmen's compensation provisions of the Labor Code).

Alternatively respondents argue that the liability here enforced is authorized by the provision of the Labor Code, section 5300 (b), giving the commission jurisdiction of proceedings "(f)or the enforcement against the employer or an insurer of any liability for compensation imposed upon him by this division in favor of the injured employee, his dependents, or any third person." Industrial conceives itself to be a "third person" in whose favor a liability is imposed for compensation by "this division" (Lab. Code, div. 4). We look in vain through Division 4 for any such liability imposed in favor of the insurer of a self-employing person.

Section 4903 imposes certain liens which the commission may allow "against any amount to be paid as compensation." It has been held that the holders of such liens may enforce them by proceedings before the commission (e.g., a lien for medical care: *Independence Indem. Co.* v. *Industrial Acc. Com.*, 2 Cal.2d 397 [41 P.2d 320]; a lien for support for living expenses of a wife deserted by the injured employee: *Northwestern Redwood Co.* v. *Industrial Acc. Com.*, 184 Cal. 484 [194 P. 31].) Since these liens are expressly created by section 4903 they may fairly be said to fall within the language of section 5300 (b) as a "liability for compensation imposed . . . by this division in favor of . . . (a) third person."

Section 4903 (c) imposes such a lien for "(t)he reasonable value of the living expenses of an injured employee or of his dependents . . ." Industrial claims a lien under this provision. It is sufficient answer that no showing was made of the reasonable value of the living expenses of the wife and minor child of the decedent in this case nor that the payments made by Industrial under its policy bore any relation thereto. Furthermore it seems clear that this provision is to protect persons who advance credit or loan money to such dependents for necessary living expenses and is not intended for the benefit of a debtor who pays a debt legally owing under a contractual obligation.

Section 5501, Labor Code, authorizing the filing of an application before the commission by "any party in interest" must be read with section 5300 and cannot be held to enlarge the jurisdiction of the commission to cover parties whose rights do not arise under Division 4 of the Labor Code.

The scope of the jurisdiction of the commission is necessarily limited to those matters over which it is given jurisdiction by the Legislature, and we can find no provision of the Labor Code conferring on the commission the jurisdiction which it attempted to exercise in making the apportionment award against petitioner.

The award against petitioner is annulled.

Nourse, P. J., and Goodell, J., concurred.

A petition for a rehearing was denied December 31, 1953, and respondent's (Industrial Indemnity Co.) petition for a hearing by the Supreme Court was denied January 27, 1954.