[Civ. No. 3187. Fifth Dist. Jan. 26, 1977.]

RAYMOND A. ROWLAND, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD,
REPUBLIC NATIONAL LIFE INSURANCE
COMPANY et al., Respondents.

**COUNSEL**

Vizzard, Baker, Sullivan & McFarland and Vernon A. Kalshan for Petitioner.

McCormick, Barstow, Sheppard, Coyle & Wayte, Lawrence E. Wayte, Stephen J. Kane, Dawson, Gillaspy & Ninnis and Richard J. Yrulegui for Respondents.

**OPINION**

FRANSON, J.—Petitioner seeks review of an order of the Workers' Compensation Appeals Board awarding a lien to respondent, Republic

National Life Insurance Company, against compensation benefits award-ed to petitioner.

Petitioner is a 28-year-old janitor employed with a newspaper in Bakersfield, California. On September 28, 1974, he was injured while on the job. He filed a claim for workers' compensation benefits.

The respondent insurance company insured petitioner against loss of income under a group disability insurance policy carried by petitioner's employer for its employees. The insurance policy provided that the monthly indemnity payable shall be "less any amount paid or payable under any workmen's compensation, occupational disease act or law." Following petitioner's injury ând during the pendency of his claim for compensation benefits, the respondent insurance company paid disabili-ty benefits to petitioner under the insurance policy of $326.70 per month from April 12, 1975, through March 11, 1976, representing two-thirds of petitioner's wage loss for said period.

Petitioner's claim for workers' compensation was initially disallowed by the workers' compensation judge but was subsequently allowed by the appeals board on a petition for reconsideration. The appeals board awarded petitioner temporary and permanent disability indemnity, medical expenses, litigation expenses, and interest in favor of petitioner against his employer's insurer, the Industrial Indemnity Company.

During the pendency of petitioner's claim for workers' compensation benefits, respondent insurance company filed a claim of lien under Labor Code section 4903, subdivision (c).[1] After the board had awarded petitioner the compensation benefits described above, the workers' compensation judge granted respondent's claim of lien, finding only that the purpose of a disability policy "is to provide income replacement to meet living expenses of a disabled policy holder [sic]." However, no findings were made and no evidence was received to show that the disability payments under the insurance policy were furnished for the purpose of paying the reasonable value of the living expenses of petitioner or his dependents subsequent to the injury or that the payments bore any relation to such living expenses.

---

[1]Labor Code section 4903, subdivision (c), provides in pertinent part: "The appeals board may determine, and allow as liens against any sum to be paid as compensation, any amount determined as . . . : [¶] (c) The reasonable value of the living expenses of an injured employee or of his dependents, subsequent to the injury."

A petition for reconsideration of the order granting the lien was denied. Petitioner then filed for review with this court.

## DISCUSSION

We hold that the Workers' Compensation Appeals Board exceeded its jurisdiction in allowing respondent insurance company a lien under Labor Code section 4903, subdivision (c), for the moneys paid under the disability insurance policy.

California Labor Code section 4902 requires that all compensation, whether voluntarily paid or awarded by the appeals board, be paid directly to the claimant unless otherwise ordered by the board. Labor Code section 4901 provides that no compensation awarded shall be subject to be taken for the debts of the party entitled to such compensation "except as hereinafter provided." Section 4903 itemizes the "debts" which may be allowed as liens against a compensation award. If the board allows a lien against an award of compensation benefits in satisfaction of a debt not specified in section 4903, it acts in excess of its authority and without jurisdiction. (*Ogdon* v. *Workmen's Comp. Appeals Bd.* (1974) 11 Cal.3d 192, 196 [113 Cal.Rptr. 206, 520 P.2d 1022].)

California Labor Code section 4903, subdivision (c), allows a lien for "The reasonable value of the living expenses of an injured employee or of his dependents, subsequent to the injury." The purpose of section 4903, subdivision (c), is to protect persons who advance credit or loan money to dependents for necessary living expenses. It is not intended for the benefit of a debtor who pays a debt legally owing under a contractual obligation. (*Glass Containers, Inc.* v. *Ind. Acc. Com.* (1953) 121 Cal.App.2d 656, 660 [264 P.2d 148]; see also *Ogdon* v. *Workmen's Comp. Appeals Bd., supra,* 11 Cal.3d at p. 197.) Respondent insurance company had such a contractual obligation to petitioner under the disability insurance policy.

Moreover, there was no finding that the payments made by respondent under the policy were furnished to petitioner for the payment of his or his dependents' living expenses. We doubt that such a finding could be made because respondent paid the monthly indemnity to petitioner only because it was obligated to do so under the insurance contract; it had no interest or concern as to what petitioner did with the moneys.[2] (See *Glass Containers, Inc.* v. *Ind. Acc. Com., supra,* 121 Cal.App.2d at p. 660.)

---

[2]Under the policy respondent was required to commence the disability payments to petitioner immediately after the expiration of a 90-day period following the date

Respondent insurance company cites *Safway Steel etc. Co.* v. *Ind. Acc. Com.* (1942) 55 Cal.App.2d 388 [130 P.2d 484] for the proposition that the third party may claim a lien on future compensation benefits for moneys mistakenly paid to the claimant which are used for living expenses. However, respondent paid no moneys under any mistake of fact; it paid the indemnity with full knowledge of the pending compensation proceedings before the board. The fact that workers' compensation was subsequently awarded to petitioner, while perhaps creating a debt owing from petitioner to respondent as a result of an overpayment of the disability benefits under the terms of the policy, does not entitle respondent to a lien under section 4903, subdivision (c). Respondent's remedy is to file suit against petitioner in a civil court for recovery of the overpayment.

Respondent's attempt to analogize its payment of disability benefits for loss of income with the payment of hospital and medical benefits in *Silberg* v. *California Life Ins. Co., supra,* 11 Cal.3d 452 must fail. Labor Code section 4903, subdivision (b), expressly authorizes a lien for the reasonable expense incurred by or on behalf of an injured employee for medical and hospital treatment (Lab. Code, § 4600 et seq.); however, no similar authority is expressed in section 4903 for disability benefits for loss of income paid to an injured employee.

Finally, we observe that while there may be some validity to respondent's argument that the granting of a lien to an insurer for any overpayment of disability benefits under a policy such as here involved would further the employee's financial security during the period of unemployment by encouraging the prompt payment of the disability benefits and, at the same time, guaranteeing to the insurer the reimbursement of any overpayment, such an argument is one of policy to be addressed to the Legislature.

The order of the Workers' Compensation Appeals Board is annulled.

Brown (G. A.), P. J., and Gargano, J., concurred.

A petition for a rehearing was denied February 25, 1977, and the opinion was modified to read as printed above. The petition of respondent National Life Insurance Company for a hearing by the Supreme Court was denied March 24, 1977.

---

petitioner first became disabled and unable to work. Failure of respondent to commence payment of the disability moneys as called for by the policy would have resulted in liability for breach of contract and perhaps in tort. (See *Silberg* v. *California Life Ins. Co.* (1974) 11 Cal.3d 452 [113 Cal.Rptr. 711, 521 P.2d 1103].)