[No. H001162. Sixth Dist. Dec. 24, 1986.]

THE PEOPLE, Plaintiff and Appellant, v.
KATHERINE SHELTON, Defendant and Respondent.

**Counsel**

John K. Van de Kamp, Attorney General, Ronald E. Niver and David Rose, Deputy Attorneys General, for Plaintiff and Appellant.

D. Michael Lawrence, Public Defender, and Nancy W. Keogh, Deputy Public Defender, for Defendant and Respondent.

**Opinion**

**CORDELL, J.*—**The only issue presented by this appeal is whether the Workers' Compensation Appeals Board has the power to compromise an order for restitution made by the superior court.

## I. Facts

On June 13, 1984, Shelton pled guilty to a felony violation of Welfare and Institutions Code section 11483, welfare fraud. In an effort to recoup the

---

*Assigned by the Chairperson of the Judicial Council.

monies fraudulently taken by Shelton, the county, prior to her conviction, filed a lien for $11,731.61 against a claim that respondent had pending with the Workers' Compensation Appeals Board (WCAB). Shelton was sentenced on August 15, 1984, and a condition of her probation was that she pay restitution to the county in the amount of $11,731.61. Subsequently, the WCAB awarded the county $5,000 "in full satisfaction of [the] lien . . . ." When the county thereafter sought payment of the balance of the restitution from Shelton at a probation hearing in the superior court, Shelton claimed that the Workers' Compensation award had fully satisfied her obligation to make restitution. The superior court agreed and found that the WCAB award constituted full satisfaction of the restitution order. The county has appealed this finding.

## II. Discussion

Labor Code section 4903, subdivision (c), authorizes the WCAB to determine and allow a lien against a workers' compensation award for "[t]he reasonable value of the living expenses of an injured employee or of his or her dependents, subsequent to the injury." ▮ While the WCAB has the authority to determine the amount of living expenses, and may, as it did here, award an amount less than that demanded, it does not, in the absence of an agreement, have the power to modify or compromise an order for restitution in a criminal proceeding. To allow the WCAB such authority would only frustrate the efforts of public agencies to collect monies fraudulently taken from them. The purpose of section 4903 is "to protect persons who advance credit or loan money to dependents for necessary living expenses." (*Rowland* v. *Workers' Comp. Appeals Bd.* (1977) 66 Cal.App.3d 448, 451 [136 Cal.Rptr. 1].) It is certainly not intended for the benefit of individuals who wrongfully obtain funds.

The record is utterly devoid of any mention of an agreement between the parties to the effect that upon acceptance of the WCAB award by the county, Shelton's restitution obligation would be satisfied. Indeed, Shelton does not claim that such an agreement was ever made.

▮ Shelton's claim that the county is collaterally estopped from collecting the restitution balance is without merit. The issue before the WCAB—the amount of Shelton's reasonable living expenses after her injury —is vastly different from the issue before the sentencing court—the amount of monies fraudulently obtained by her. (See 7 Witkin, Cal. Procedure (3d ed. 1985) Judgment, §§ 253-254, pp. 691-694.)

Accordingly, the judgment of the superior court is reversed. This case is remanded for further proceedings in accordance with the views expressed herein.

Brauer, Acting P. J., and Capaccioli, J., concurred.