Filed 9/20/13  Leeds v. Reino & Iida CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| MARK R. LEEDS et al., | B242516 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. VC060276) |
| v. | |
| REINO & IIDA, a Professional Corporation et al., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Margaret Miller Bernal, Judge.  Reversed and remanded.

Manly & Stewart and Paul J. Sievers for Plaintiffs and Appellants.

Cannon & Nelms, Anthony L. Cannon, Julia A. Mouser and Garret F. Smith for Defendants and Respondents.

\* \* \* \* \* \* \* \*

Plaintiffs Mark R. Leeds and Law Offices of Mark R. Leeds appeal from the judgment of dismissal following the sustaining of a demurrer, without leave to amend, to their complaint for declaratory relief. Plaintiffs sued various lawyers and law firms, including defendants Reino & Iida, a Professional Corporation, Law Offices of Myles Iida, Donald Reino, Esq. and Myles Iida, Esq.

Plaintiffs contend the trial court erred in sustaining the demurrer for lack of subject matter jurisdiction on the ground the Workers' Compensation Appeals Board (WCAB) has exclusive jurisdiction over a dispute regarding apportionment of attorney fees arising from the underlying workers' compensation proceedings. They further contend the court erred in sustaining the demurrer on the ground that another action is pending between these parties on the same cause of action, because the pending WCAB proceeding is unrelated to the apportionment of the attorney fees claim. They also contend the trial court erred in concluding the complaint failed to allege facts sufficient to state a cause of action for declaratory relief because the complaint seeks a prospective determination of the rights and duties of the parties under a contract for apportionment of attorney fees. Last, they contend the court abused its discretion in not allowing plaintiffs to amend the complaint to state a cause of action.

We reverse the judgment and remand for further proceedings consistent with the views expressed in this opinion. We conclude the court erred in sustaining the demurrer on the ground the WCAB has exclusive jurisdiction over these claims and on the ground of another action pending before the WCAB. The court properly sustained the demurrer on the ground the complaint fails to state a cause of action for declaratory relief, but the court abused its discretion in not allowing leave to amend.

## BACKGROUND

The complaint consisted of a single cause of action for declaratory relief and alleged:

### 1. The Parties

Plaintiffs are the Law Offices of Mark R. Leeds and its owner Mark R. Leeds (plaintiffs). Many allegations of the complaint refer to "plaintiff" in the singular, which

2

we understand to be a reference to Mark R. Leeds individually, and consistently with the allegations of the complaint, we refer to Mr. Leeds as "plaintiff" in this opinion. The demurring defendants are Reino & Iida, a Professional Corporation, Myles Iida, and Law Offices of Myles Iida (defendants). Defendant Donald Reino did not join in the demurrer and was not named in the judgment of dismissal.

### 2. The Fee Splitting Agreements

In April 1994, plaintiff entered into a contract with the Law Offices of Donald J. Reino (Reino), whereby plaintiff agreed to refer workers' compensation cases to Reino in consideration for payment of 25 percent of the attorney fees earned on those cases, 100 percent of all deposition fees (Lab. Code, § 5710) if "handled" by plaintiff, and 25 percent of the vocational rehabilitation attorney fees. Three years later, in 1997, Reino & Iida, a Professional Corporation, and Law Offices of Myles Iida were formed as successors of Reino. By this time, plaintiff had referred over 1,000 cases to Reino pursuant to the agreement.

Upon formation of the successor firms, plaintiff entered into a new agreement that is substantially similar to the original agreement with Reino. Both the original agreement and the new agreement provided that plaintiff was "of counsel" to Reino and to the successor firms, and his position was to be represented on the firm stationery. Plaintiff was to maintain the Law Offices of Mark R. Leeds independently of the other firms. Reino and the successor firms provided plaintiff a window office and telephone, and permitted him access to the various office amenities ("reception, photocopying, coffee, etc."). Plaintiff was to maintain his own separate malpractice insurance policy. There were provisions for sharing of fees generated by referrals to plaintiff from another, unrelated law office. Both agreements permitted plaintiff to communicate at any time with any client he referred to the firms and to appear at any and all legal proceedings. The agreement with Reino provided that plaintiff "will not be required to do any work on any of the cases but may volunteer to do so."

Reino and the successor firms paid plaintiff in accordance with the terms of the agreements for about 16 years. During this time, the deposition fees were paid without

3

objection whether plaintiff personally attended the depositions or he arranged for a contract attorney to appear.

On October 1, 2010, plaintiff separated from the successor firms and formed his own firm. It is not clear from the allegations of the complaint, including the exhibits incorporated into the allegations, whether plaintiff Law Offices of Mark R. Leeds was first formed in October 2010. It may have been formed at that time, because the complaint alleges the Law Offices of Mark R. Leeds has its offices in Long Beach, whereas the defendant firms whose offices plaintiff previously occupied are alleged to be in Lakewood and Anaheim Hills. In any event, at separation, "many of the referred clients manifested their intent to substitute [plaintiff] as counsel of record while others elected to remain with [the successor firms]"; and "some of the previously referred clients . . . had substituted other firms to handle their claims."

### 3.     The Controversy

Plaintiff contends that after he separated from the successor firms and formed his own firm, defendants stopped paying him 25 percent of the fees earned on cases he had referred to them, and they stopped paying him any fees for depositions he did not personally attend. The complaint alleges these fees were earned before plaintiff's departure from the successor firms but defendants refuse to pay them to plaintiff. The complaint alleges defendants contend plaintiff is no longer entitled to 25 percent of the attorney fees generated by each case and is not entitled to any of the deposition fees if plaintiff did not personally appear at the deposition.

### 4.     The Demurrer

Defendants demurred to the complaint on three grounds: (1) the trial court lacked subject matter jurisdiction over the subject of the cause of action, because WCAB has exclusive jurisdiction over disputes regarding attorney fees in workers' compensation matters; (2) another action is pending before the WCAB entitled *Lovato v. The Kroger Co. dba Ralph's Grocery*, case No. ADJ7354967 (*Lovato*) between the same parties on the same issues, i.e., "the alleged failure of Defendants to pay Plaintiff['s] referral fees

allegedly earned under the alleged contract . . . including California Labor Code section 5710 deposition fees;" and (3) no cause of action for declaratory relief is stated.

Plaintiffs opposed the demurrer primarily on the grounds the dispute over allocation of attorney fees does not fall within the jurisdiction of the WCAB, and the *Lovato* matter has no bearing on the allocation of attorney fees between plaintiffs and defendants.

The trial court sustained the demurrer without leave to amend on all grounds asserted in defendants' demurrer and, on May 22, 2012, entered its order (judgment) dismissing the complaint with prejudice.

## DISCUSSION

### 1. Standard of Review

"On appeal from a judgment dismissing an action after sustaining a demurrer without leave to amend, the standard of review is well settled. . . . When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action." (*City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 865, citations omitted.)

In determining whether a plaintiff has properly stated a claim for relief, " ' "We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed." [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.] And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff.' [Citations.]" (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126.) Our review is de novo. (*Ibid.*)

5

## 2. Agreement to Split Fees in Final Award Not Subject to WCAB Jurisdiction

Plaintiffs contend the trial court erred in concluding the WCAB had exclusive jurisdiction over the claims alleged in the complaint, because the WCAB lacks "jurisdiction to interpret a contract to which the workers' compensation claimant is not a party, and which only involved the question as to how attorney[] fees that have already been awarded shall be divided outside of the workers' compensation setting." We conclude the distribution of attorney fees in a final award pursuant to a fee splitting agreement is not subject to the exclusive jurisdiction of the WCAB.

### a. Applicable general legal principles

"Pursuant to the plenary power granted by article XIV, section 4, the Legislature has enacted a comprehensive statutory scheme governing workers' compensation law. (Lab. Code, § 3200 et seq.) This plenary grant of authority permits the Legislature to enact, amend, and repeal workers' compensation laws as it deems appropriate. [Citations.]"[1] (*Bautista v. State of California* (2011) 201 Cal.App.4th 716, 722.)

" 'The right to receive attorney fee awards for securing compensation on behalf of workers is also within the broad authority vested in the Legislature over the complete workers' compensation system. . . .' [Citation.] Because injured workers are limited to these statutory remedies for all injuries caused by wrongful delays or refusals to pay, lien claimants are limited to the same. [Citation.] As a result, 'claims seeking compensation for services rendered to an employee in connection with his or her workers' compensation claim fall under the exclusive jurisdiction of the WCAB. [Citations.]' [Citations.]" (*Koszdin v. State Compensation Ins. Fund* (2010) 186 Cal.App.4th 480, 491-492; see also *Longval v. Workers' Comp. Appeals Board* (1996) 51 Cal.App.4th 792, 799-800.)

Moreover, " '[p]roceedings which in any manner concern the recovery of compensation, or any right or liability "arising out of or incidental thereto' are to be

---

[1] All further section references are to the Labor Code unless otherwise indicated.

6

instituted solely before the [WCAB.]' " (*Greener v. Workers' Comp. Appeals Bd.* (1993) 6 Cal.4th 1028, 1038-1039.)  Proceedings as to an attorney's "right to fees" therefore are within the exclusive jurisdiction of the WCAB in the first instance.  (*Id.* at p. 1039.)

The WCAB is authorized to determine and allow as a lien "[a] reasonable attorney's fee for legal services pertaining to any claim for compensation either before the [WCAB] or before any of the appellate courts, and the reasonable disbursements in connection therewith. . . ." (§ 4903, subd. (a); see also § 5710, subd. (b)(4) [reasonable attorney fees for deposition], § 5801 [supplemental attorney fee on remand]; see also *Glass Containers, Inc. v. Industrial Acc. Commission* (1953) 121 Cal.App.2d 656, 660 ["Since these liens are expressly created by section 4903 they may fairly be said to fall within the language of section 5300(b) as a 'liability for compensation imposed . . . by this division in favor of . . . a third person.'"].)

### b.  Distribution of attorney fees pursuant to fee splitting agreement outside exclusive WCAB jurisdiction

Plaintiffs contend issues regarding the division of the attorney fees already awarded by the WCAB do not concern the WCAB, fall outside its expertise, and thus, are not within its jurisdiction.  They argue the fee dispute over such division between plaintiffs and defendants "is not 'largely arithmetical' despite the percentage allocation set forth in the Contracts"; rather, "[t]he specific nature of the controversy . . . involves contractual issues of estoppel, waiver and interpretation as well as rights upon termination, oral modification, course of conduct and possibly novation."   We find plaintiffs' contention persuasive as to claims arising from final WCAB attorney-fee awards.

Section 4906, subdivision (a) provides that "[n]o charge, claim, or agreement for . . . legal services . . . is enforceable, valid, or binding in excess of a reasonable amount.  *The* [*WCAB*] *may determine what constitutes a reasonable amount.*" (Italics added.)  "Subdivision (b) prohibits an attorney from demanding or accepting a fee until the amount has been approved by the WCAB." (*Vierra v. Workers' Comp. Appeals Board* (2007) 154 Cal.App.4th 1142, 1147; see also *Hughes v. Argonaut Ins. Co.* (2001)

7

88 Cal.App.4th 517 [sections 3860, subdivision (f) and 5300 infuse WCAB with exclusive jurisdiction to decide dispute over allocation of attorney fees incurred in reaching settlement with third party].)

The WCAB has legitimate interests in ensuring an award of attorney fees is valid (nonfraudulent and services actually rendered) and the fees awarded are reasonable (valuable, no double-recovery). (See § 4903.2, subd. (c) [WCAB may award attorney fees to applicant's attorney out of lien claimant's recovery if WCAB determines all of the enumerated factors occurred, including "[t]here were bona fide issues respecting compensability, or respecting allowability of the lien, such that the services of an attorney were *reasonably required* to effectuate recovery on the claim of lien and were *instrumental in effecting the recovery*" (italics added)].)

In contrast, once the WCAB has resolved the "reasonable amount" of the attorney fees and makes a final award in this amount, the WCAB has no further interest in, or obligation to determine, how the fees are to be disbursed or otherwise disposed of by the lien claimant. We therefore conclude that a dispute between the lien claimant and a third party regarding allocation or division of the attorney fees in a final award issued by the WCAB is outside the jurisdiction of the WCAB.

### 3. Pendency of Another Action Not Proper Basis to Sustain Demurrer

Plaintiffs contend the trial court erred in sustaining the demurrer on the ground of "another action pending between the same parties on the same cause of action." (Code. Civ. Proc., § 430.10, subd. (c).) We agree.

In addition to this court action, the parties also are before the WCAB in the *Lovato* matter. Plaintiffs acknowledge *Lovato* is pending before the WCAB on their sanctions claim for the alleged conversion of a check representing deposition fees incurred in that matter. Plaintiffs argue *Lovato* thus involves a very narrow issue which does not encompass the contractual issues raised in his complaint. It may be that in resolving the conversion issue, the WCAB first will determine whether those fees should have been paid to plaintiff or some other attorney, e.g., one of the defendants. But we are not

8

persuaded the WCAB decision in *Lovato* will necessarily be so expansive as to resolve all of the parties' fee disputes at issue in this lawsuit.

In any event, the trial court erred in dismissing the complaint on this basis. The proper disposition in the situation of another action pending is to abate, i.e., stay, the second action, i.e., the current court action. (*Plant Insulation Co. v. Fibreboard Corp.* (1990) 224 Cal.App.3d 781, 787-788.) Thus, the trial court may have had the power to have stayed resolution of plaintiffs' claim for attorney fees pursuant to their fee splitting agreement as it relates to any final attorney fee award in *Lovato*, but it was improper to sustain the demurrer on this basis.

> **4.      Leave to Amend Declaratory Relief Cause of Action or to Allege Breach of Contract**

We turn now to the third basis on which the court sustained the demurrer, for failure to state a declaratory relief cause of action. Plaintiffs contend the trial court abused its discretion in failing to afford an opportunity to amend the complaint to cure its defective allegations and to state a cause of action for breach of contract. We agree.

"It is the general rule that in an action for declaratory relief the complaint is sufficient if it sets forth facts showing the existence of an actual controversy relating to the legal rights and duties of the respective parties under a contract and requests that the rights and duties be adjudged. [Citation.] If these requirements are met, the court must declare the rights of the parties whether or not the facts alleged establish that the plaintiff is entitled to a favorable declaration." (*Bennett v. Hibernia Bank* (1956) 47 Cal.2d 540, 549-550; see also *Wellenkamp v. Bank of America* (1978) 21 Cal.3d 943, 947.)

The remedy of declaratory relief is unavailable where a "plaintiff has a fully matured cause of action for money, if any cause exists at all." (*Jackson v. Teachers Ins. Co.* (1973) 30 Cal.App.3d 341, 344; see also *Canova v. Trustees of Imperial Irrigation Dist. Employee Pension Plan* (2007) 150 Cal.App.4th 1487, 1497 ["Where, as here, a party has a fully matured cause of action for money, the party must seek the remedy of damages, and not pursue a declaratory relief claim."].)

9

As pled, the complaint alleges defendants breached their contracts and seeks to redress the past wrong plaintiffs suffered by being denied payment of fees they earned that are due and owing. The complaint does not clearly seek a declaration of rights that will operate prospectively to prevent a breach of contract. Plaintiffs argue the controversy is "still prospective in nature" because some of the thousands of cases referred to defendants are still pending, although plaintiffs do not know how many pending cases are involved. "How the parties are going to conduct themselves in the future with respect to fees awarded by the WCAB in the remaining referred cases is still to be determined." At oral argument, plaintiffs' counsel stated the real dispute involves plaintiff's claim for deposition fees incurred to attend depositions already taken but for which the WCAB had not yet awarded attorney fees.

Plaintiffs below did not offer a proposed amended complaint or identify the legal theory or theories and additional facts on which they intended to rely. In the opening brief on appeal, plaintiffs urge for the first time they should be allowed to amend the complaint to show "a prospective controversy with respect to fees which will be awarded in the future by the WCAB in the remaining referred cases." Additionally, they seek leave to amend the complaint to assert an "accrued cause of action for breach of contract." We believe plaintiffs should be given leave to amend the defects in the declaratory relief cause of action, if they can do so. Moreover, it does not appear from the complaint's allegations that, as a matter of law, no cause of action for breach of contract could be stated at this juncture in the pleadings.[2]

---

[2] We note, however, rule 2-200(A)(1) of the Rules of Professional Conduct provides that a member of the State Bar "shall not divide a fee for legal services with a lawyer who is not a partner of, associate of, or shareholder with the member unless . . . [¶] . . . [t]he client has consented in writing thereto after a full disclosure has been made in writing that a division of fees will be made and the terms of such division . . . ."

Our Supreme Court has held that rule 2-200 unambiguously directs that a member of the State Bar "*shall not divide a fee for legal services*" unless the rule's written disclosure and consent requirements and its restrictions on the total fee are met. (*Chambers v. Kay* (2002) 29 Cal.4th 142, 145, italics added.) In that case, the court held

**DISPOSITION**

We reverse the judgment and remand the matter for further proceedings to permit plaintiffs the opportunity to amend the complaint to cure the defects in that pleading and to plead a cause of action for breach of contract.  Plaintiffs shall recover their costs of appeal.

GRIMES, J.

We concur:

RUBIN, Acting P. J.

FLIER, J.

---

rule 2-200 "encompass[es] any division of fees where the attorneys working for the client are not partners or associates of each other, or are not shareholders in the same law firm," and a lawyer's failure to comply with rule 2-200 precludes him from sharing fees pursuant to a fee splitting agreement.  (*Chambers*, *supra*, at pp. 145, 148.)

Neither counsel briefed this issue, and plaintiffs' counsel was not prepared to discuss it at oral argument in response to a question from the court.